FORT WORTH NATIONAL BANK ET AL. v. F. M. DAUGHERTY.

No. 6783.

1. **Ratification.**—When a mortgagor ratifies a sale under an irregular or defective power the purchaser's title is not affected by defects in the original power to sell.

2. **Mortgage by one Partner upon Partnership Property.**—A mortgage upon a partner's interest in specific partnership property to secure his individual debt may not have any effect because it may be defeated by superior equities and the proper administration of the partnership business, but it can not be treated as a nullity in its inception. If the property so mortgaged can be found and is undisposed of after the dissolution and settlement of the partnership no good reason is apparent why it may not be then subjected to the mortgage.

3. **Bill of Sale, etc., for Cattle Without the State.**—The statutes prescribing the rules for sale of cattle on the range by bill of sale and registration should not be given an extra-territorial effect, *held* not to apply to sale of cattle in the Indian Territory between citizens of Texas, where actual possession passed and the cattle brought into the State.

4. **Suretyship.** — In a suit against several sureties of an insolvent principal who died before the suit the question of suretyship could not arise. Not being settled in

the judgment it could not subsequently be raised so as to affect the right to issue executions upon the judgment.

5. **Payment of Judgment.**—Judgment against three sureties of a deceased principal. Execution was issued and was levied upon property of one of the defendants. He to save his property from sale paid the judgment and took a transfer of it. *Held*, such payment satisfied the judgment, and he had no right to procure execution upon it in name of the plaintiff for the purpose of compelling the sale of property of another defendant.

APPEAL from Greer. Tried below before Hon. Frank Willis. The opinion states the case.

*W. W. Flood* and *Thomason & Johnson*, for appellants.—1. A mortgage by one partner on specific partnership property to secure his individual debt imposes no actual lien on the property or any part thereof. Jones on Chat. Mort., sec. 45, and authorities in note 3.

2. When a mortgage is executed in a State other than that in which the property is situated the law of the place where the property is situated governs, and to give it validity it should be shown to be in accordance therewith. Jones on Chat. Mort., secs. 305, 306.

3. No title can be acquired to cattle running on the range unless the conveyance or bill of sale thereto is made by sale and delivery of the marks and brands and registration of such bill of sale in the county clerk's office, and the noting of such sale on the record of original marks and brands in the name of the purchaser. Rev. Stats., art. 4564; Black v. Vaughan, 70 Texas, 47.

4. When a chattel mortgage is offered in evidence as a registered instrument it is requisite the method and manner provided by law for such registration should be complied with and so shown, and the record book containing the entry or a certified copy of the entry should be produced to make the proof.

5. When any surety pays any judgment had against him and cosureties, such payment does not discharge the judgment, but remains in full force for the use of such surety, and he is entitled to have execution thereon in the name of the creditor, not only against principal obligor, but also against his cosurety, for proportional share he has paid in excess, and levy thereof on property of such cosurety creates a lien in his favor. Rev. Stats., arts. 1207, 1208, 3664, 3665; 3 Pome. Eq. Jur., secs. 1418, 1419; Freem. on Ex., secs. 21, 444; Freem. on Judg., sec. 470.

6 If there were irregularities in the issuance of the execution it could in no manner affect the levy and lien thereby as between plaintiff and claimant, and could not be taken advantage of in this proceeding. Kendrick v. Rice, 16 Texas, 254; Hancock v. Metz, 15 Texas, 205; Wren v. Peel, 64 Texas, 375.

7. In trial of right to property under claim bond a prima facie case is made for the plaintiff in the writ when it is shown the property is

taken by the officer from the defendant in the writ; and to overcome this the claimant must not only show no lien was acquired by virtue of the levy—and for this purpose he must show the execution was absolutely void—but as the burden is still on him he must further show he has such interest in the property as would enable him to maintain an action of trespass or trover. Rev. Stats., arts. 4839, 4843; Meader Co. v. Aringdale, 58 Texas, 447; Hamburg v. Wood & Co., 66 Texas, 173; Clark v. Hills, 67 Texas, 141.

*Davis & Garnett*, for appellee.—The execution under which the levy was made being absolutely void, and F. M. Daugherty, as the owner of the cattle by purchase from T. H. Wilson, the defendant in the execution, being in a position to attack the execution as a defense, the court, aside from all other questions, properly instructed the jury to find for F. M. Daugherty, the claimant. Rev. Stats., art. 3662; Latham v. Selkirk, 11 Texas, 320; Webb v. Mallard, 27 Texas, 82; Tillman v. McDonough, 2 Ct. App. C. C., sec. 54; England v. Brinson, 1 Ct. App. C. C., sec. 320; Freem. on Judg., secs. 470, 472; Freem. on Ex., secs. 19, 277, 444; Hill v. Sherwood, 59 Mo., 172; McDaniels v. Lee, 37 Mo., 204; Sheld. on Subro., p. 165.

HENRY, ASSOCIATE JUSTICE.—The Fort Worth National Bank recovered a judgment for money in the District Court of Tarrant County against E. T. Morris, T. H. Wilson, and T. B. Jones. The judgment was rendered upon a promissory note which all of said parties had signed as sureties for one E. L. Morris, who was dead and therefore not sued. It appears that the defendant E. T. Morris was insolvent. An execution issued upon the judgment was levied upon the property of the defendant T. B. Jones, and he to prevent the sale of his property paid off the judgment, and the plaintiff bank receipted and made a transfer thereof to him by writing on the margin of the record.

Afterward, by the procurement of said T. B. Jones, a pluries execution was issued upon the judgment in the name of the Fort Worth National Bank, which was levied upon a stock of cattle found in the charge of the defendant T. H. Wilson. F. M. Daugherty instituted this suit under the statute for the trial of the right of property in said cattle.

The claimant presented substantially the following issues:

1. That the execution under which the levy was made was a nullity, because the judgment upon which it was founded was fully paid and satisfied before its issuance, by one of the parties against whom it was rendered.

2. That the property levied upon belonged when it was seized to the claimant, and not to the defendant Wilson, and that Wilson was in possession thereof only as the agent of the claimant.

The plaintiff bank in reply pleaded a denial, and:

1. That while the note upon which said judgment was rendered purported to be the joint undertaking of the defendants in said judgment and one E. L. Morris, in fact said Morris was the principal therein and the other makers only his sureties.

2. That E. L. Morris died insolvent prior to the rendition of the judgment.

3. That the plaintiff bank caused an execution to be issued upon said judgment against the defendants therein, and caused it to be levied upon the property of the defendant T. B. Jones, who to avoid the sacrifice of his property paid the judgment.

4. That the defendant E. T. Morris is insolvent, and that neither he nor the defendant Wilson ever contributed anything toward the payment of said judgment.

5. That the plaintiff bank caused the execution now in issue to be taken out at the request of and for the benefit of the said T. B. Jones, and caused it to be levied upon a stock of cattle and other enumerated personal property found "in the exclusive control and management and under claim of ownership of said T. H. Wilson."

6. That the claimant before he pretended to acquire any right to said property knew that the defendant T. H. Wilson was largely indebted and was secreting his property to avoid the payment of his debts.

7. That at the date of the claimant's pretended purchase of said property it was in the Indian Territory, and a purchase thereof made in the State of Texas was of no validity, and that the price paid by the claimant was much less than the value of the property.

The stock of cattle in controversy formerly belonged to T. H. Wilson and E. L. Morris, who were partners. Wilson executed a mortgage upon his equal interest in the property with a power of sale to F. M. Daugherty. The cattle were ranging, when the mortgage was executed, in the Indian Territory. The parties to the mortgage resided in Texas and executed it here. The interest of Wilson was sold in Texas under the power given in the mortgage. It was bid off by one W. F. Daugherty, to whom a bill of sale was made for a one-half interest in the cattle, but in fact the purchase was made for F. M. Daugherty, the claimant who made the sale, and to whom a transfer of such one-half interest was soon afterward made. E. L. Morris, the other partner, made a similar mortgage, under like circumstances, of his interest in the property to secure an indebtedness to one J. D. Wilson, with a power of sale to one Steagall. E. L. Morris, the mortgagor, died, leaving a surviving wife. Subsequent to his death, without a foreclosure of the mortgage and without being authorized so to do, Wilson, the mortgagee, sold the mortgaged property to F. M. Daugherty and made him a bill of sale for it, which recited that the sale was made in pursuance

of the power conferred by the mortgage.   Subsequent to this transaction the surviving wife of E. L. Morris conveyed to F. M. Daugherty the interest of the estate of said Morris in said cattle.

The plaintiff in execution objected to the introduction of both of the mortgages and all of the bills of sale.   In support of the objection to the mortgages he contends that they were invalid, because "a mortgage by one partner on specific partnership property to secure his individual debt imposes no actual lien on the property or any part thereof," and it is also contended that "when a mortgage is executed in a State other than that in which the property is situated the law of the place where the property is situated governs, and to give it validity it should be shown to be in accordance therewith."

As subsequently to the sales under them the owners of the property mortgaged in each instance ratified and confirmed the titles acquired through them, the objections urged can not be considered material even if they were otherwise good.   A mortgage of a partner's interest in specific partnership property to secure his individual debt may not prove of any effect, because it may be defeated by superior equities and the proper administration of the partnership business, but it can not be treated as a nullity in its inception.   If the property so mortgaged can be found and is undisposed of after the dissolution and settlement of the partnership, no good reason is apparent why it may not be then reached and subjected to the mortgage.   In this case the evidence does not show that there was any partnership property beyond what was included in the mortgages, nor does it show that there existed at the termination of the partnership any unpaid partnership creditors.   It shows that the mortgaged property was undisposed of and owned by the partners when the partnership was dissolved.   No creditor of the partnership is shown to have ever complained or to have had a right to object.   And the same may be said with equal justice with regard to the objection that it was not proved that the mortgages were valid under the laws of the Indian Territory.

The objection to the introduction of the bills of sale is stated in the following language:   "No title can be acquired to cattle running on the range unless the conveyance or bill of sale thereto is made by sale and delivery of the marks and brands and registration of such bill of sale in the county clerk's office, and the noting of such sale on the record of original marks and brands, in the name of the purchaser."

As the cattle in controversy had been taken into the actual possession of the purchaser and were not on the range when levied upon, but were then herded in Greer County, to which point they had been caused to be driven by the purchaser, it may very well be doubted whether the rule invoked with regard to a sale of cattle running on the range should be applied, even if it was otherwise applicable.   How-

ever that may be, the rule has reference to animals found in this State and should not be given an extra-territorial effect.

It is contended that "the court erred in refusing to permit T. B. Jones to testify that E. L. Morris was principal and he (Jones) was surety on the note on which judgment was obtained and out of which the execution was issued and levied on the property in controversy, as shown by bill of exceptions thereto."

As the property levied upon was proved to belong to Daugherty and not to Wilson, the defendant in the execution, if there had been error in excluding the evidence it would not have been a material one. But we do not think that the evidence was admissible in any view of the case or for any purpose. We do not see how the issue of surety-ship could have been properly made in the cause in which the principal was not sued. As it was not made and settled in the judgment it could not be subsequently made so as to affect the right to issue executions on the judgment. The judgment having been paid by Jones, was discharged, and there was no authority for the subsequent issuance of an execution upon it, as upon an unsatisfied judgment, at his request or for his benefit. There was no error committed with regard to said judgment and execution of which the plaintiff can be heard to complain.

We have examined all of the assignments of error and deem it useless to refer to them further, whether mentioned or not, except for the purpose of saying that we think the court correctly charged the jury to find for the claimant.

The judgment is affirmed.

*Affirmed.*

Delivered June 5, 1891.