## D. W. Deleshaw v. W. T. Edelen et al.

### Decided February 7, 1903.

**1.—Judgment—Joint Defendants—Payment—Contribution.**

Where a judgment against three joint makers of a note is paid off in full by one of them, who takes an assignment thereof to himself, the judgment is thereby extinguished, whatever may have been the intention of the parties as to keeping it alive by such assignment, and it will not support an execution issued in favor of such purchaser to enforce contribution against his co-obligors.

**2.—Execution Sale—Enjoining—Damages—Profits—Pleading.**

In an action to enjoin an execution sale and for damages, an allegation that the levy on plaintiff's saloon had injured his trade and business was sufficient to warrant a charge submitting the profits lost as the measure of damages, in the absence of any special exception to the pleading.

**3.—Same—Attorney Fees—Vindictive Damages.**

Where in such action vindictive damages were claimed for the wrongful levy, and the proof showed that plaintiff had been compelled to employ two firms of attorneys and to make four trips from Sherman to Gainesville, and the item allowed by the jury for such fees was admitted before them to be reasonable in amount, this warranted the allowance as against the objection that the proof did not show that plaintiff had paid or would be compelled to pay such amount to his attorneys.

**4.—Same—Pleadings and Verdict Warranting Judgment.**

Where in such action plaintiff's petition, in which he claimed certain damages, alleged that the judgment on which the execution issued had been paid off and satisfied in full, with prayer that the injunction be made perpetual and for general relief, and the verdict merely found for the damages claimed, such verdict, under a charge instructing that the undisputed facts showed that the judgment had been paid off and extinguished, imported a finding to that effect, and warranted a decree perpetually enjoining it.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*Potter & Potter,* for appellants.

*Stuart & Bell,* for appellee.

STEPHENS, Associate Justice.—The City Bank of Whitesboro, Texas, recovered a judgment in justice court for $131 against G. W. Deleshaw, E. T. Edelen and H. E. Maxwell on a promissory note executed by them jointly, which was a substitute for a note previously executed by them as sureties for a son of G. W. Deleshaw. This judgment the bank transferred to G. W. Deleshaw upon his executing to it his individual note for the amount of the judgment, which was accepted as payment in full by the bank. Thereupon Deleshaw took out execution on the judgment and had it levied on the property of W. T. Edelen, who brought this suit to enjoin the sale and to recover damages, both actual and vindictive, the levy resulting in closing the saloon of Edelen at Dexter, Texas, for a few hours. From a verdict and judgment in his favor this appeal is prosecuted.

The contention of Edelen was that Deleshaw was primarily liable to the bank for the payment of the note merged in the judgment, and that both he and Maxwell had signed it as sureties merely, and that Deleshaw had paid off and extinguished the judgment.

On the other hand Deleshaw contended that all were jointly and equally liable, and that in giving his note to the bank for a transfer of the judgment to him he intended to keep it alive and use it to compel contribution from Edelen and Maxwell, the bank accepting his note in lieu of the judgment with that understanding.

On the issue of suretyship the evidence was conflicting. Upon the other issue, while appellant admitted that the bank had accepted his individual note in full satisfaction of the judgment, as was shown by the written transfer offered by him as well as by entry on justice's docket, he offered to prove the circumstances attending the transaction for the purpose of showing that it was the understanding and intention of both himself and the bank that the judgment should be kept alive for his benefit against his co-obligors. The court excluded this evidence, and instructed the jury that the issuance as well as the levy of the execution "was wrongful and illegal," and to those ruling error is assigned.

The question thus raised is one upon which the authorities are at variance, the courts of New York and some other States holding that, "where one of several defendants against whom there is a joint judgment pays the other party the entire sum due, the judgment becomes thereby extinguished, whatever may be the intention of the parties to the transaction;" while many other courts of equal authority, taking a broader view, give controlling effect to the intention of the parties. 2 Freem. on Judgm., sec. 472; Merchants Bank v. Opera House Co. (Mon.), 45 Law. Rep. Ann., 285. The reasoning of the court in the case just cited, in which the two lines of decision are reviewed and the New York rule is rejected, meets with our approval, and accords with the views heretofore expressed by this court. Huggins v. White, 7 Texas Civ. App., 563, 27 S. W. Rep., 1066; Beville v. Boyd, 16 Texas Civ. App., 491, 41 S. W. Rep., 670, 42 S. W. Rep., 318.

Our Legislature has also manifested disapproval of the New York rule in giving a surety who has paid the judgment an execution against his cosurety, thus keeping the judgment alive in such case even when it is paid without any assignment of it, or any agreement or understanding that it shall be kept alive. Rev. Stats., art. 3816.

In cases where the judgment may be kept alive by contract there would seem to be no necessity for legislative action, and none seems to have been taken. The general policy of our law to avoid a multiplicity of suits would seem to warrant, if not encourage, the making of a contract on the part of one paying off the judgment for a transfer of it to himself so as to keep it alive for convenience in compelling contribution from his codefendant in the judgment, thus avoiding unnecessary litigation. But our Supreme Court, in the case of Daugherty v. Bank, 81 Texas, 302,

while not necessary to the decision of that case, as stated in the opinion of Justice Henry, seem nevertheless to have adopted the New York rule. This decision the trial court doubtless followed, and we feel constrained to approve his action, rather than reverse the judgment and remand the cause for a new trial in accordance with views of our own at variance with those expressed by the court of final jurisdiction. Seemingly in line, by way of analogy, with Daugherty v. Bank, is the more recent case of Faires v. Cockerell, 88 Texas, 428, which adds to the constraint. (Contra, Beville v. Boyd, supra.)

The proposition under the seventh assignment, complaining of the charge of the court for submitting the loss of sales, or rather the profit so lost, as the measure of damages, challenges the sufficiency of the petition to warrant this charge. The allegations of the petition were quite general, to the effect that the levy upon the saloon of plaintiff below had injured his business and trade, but in the absence of special exceptions they were sufficient to warrant the action complained of.

Under the thirteenth assignment it is contended that the jury should not have allowed the item of $50 to cover attorney's fees as part of the vindictive damages, because the proof failed to show that plaintiff had paid or would be compelled to pay this amount to his attorneys. It did show, however, that he had been compelled to employ attorneys, and that he had employed two firms of lawyers, and made four trips to Sherman and Gainesville looking after the case, and the item allowed by the jury was admitted before them to be a reasonable attorney's fee. So we think there can not be much in this contention, especially in view of the wide discretion given a jury in fixing the amount of vindictive damages. Whether or not the facts warranted any recovery of vindictive damages is not presented by the brief.

The next and last complaint is of the judgment upon the ground that it went farther, in enjoining the execution of the justice court judgment, than was warranted by the pleadings and verdict. The petition charged that the justice court judgment had been "paid off and satisfied in full," and prayed that the injunction be made perpetual and for general relief, which we think was sufficient. The verdict was as follows: "We the jury find for the plaintiff as follows: Actual damages against both defendants $15; vindictive damages against defendant Deleshaw as follows: attorney's fees $50, expenses $20." This verdict should, we think, be treated, under the ruling and instructions of the court, as importing a finding that the judgment had been paid off and extinguished, else the jury could not have found any general verdict for plaintiff below, especially upon the issue of vindictive damages. Pearce v. Bell, 21 Texas, 688; Jones v. Ford, 60 Texas, 127; Day v. Cross, 59 Texas, 595; Railway v. Henderson, 86 Texas, 307. Upon the undisputed and admitted facts the court found, and in effect charged the jury, that the judgment enjoined had been paid off and extinguished. This charge took from the jury the exercise of any discretion upon that subject, and, as was said in the case last cited, was but "the declaration of the law by the court

before the verdict, instead of upon the verdict." The verdict was returned in obedience to this instruction, and not in disregard of it, as was held in Ablowitz v. Bank, 95 Texas, 429, 4 Texas Ct. Rep., 394. If, however, the verdict be treated as a special one, and as limited to the fact and amount of damages, it would nevertheless be sufficient, since the statute on that subject supplies the deficiency complained of.

The judgment is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The proposition urged in this motion as one ignored in the original opinion, that Deleshaw was entitled to execution against Edelen under article 3816 of the Revised Statutes, giving execution to the surety who pays the judgment against his cosurety, was fully covered by the opinion of Justice Henry in the case of Daugherty v. Bank, 81 Texas, 301, cited by us as authority for the disposition made of this appeal. The cases are parallel in this respect also, the original principal not having been a party to the judgment, and no adjudication of suretyship having been made in either case. The language of Justice Henry on this point was as follows: "We do not see how the issue of suretyship could have been properly made in a cause in which the principal was not sued. As it was not made and settled in the judgment, it could not be subsequently made so as to affect the right to issue execution on the judgment."

The motion is overruled.

*Overruled.*

Writ of error refused.