## G. D. TARLTON v. W. D. ORR ET AL.

### Decided November 1, 1905.

**1.—Surety—Satisfaction to by Principal.**

Evidence considered and held to sustain finding that a surety, who had paid off and taken an assignment of a judgment against himself and his principal, had received satisfaction for such payment from the principal in a conveyance of school land purchased by the latter from the State, though such deed was made before the judgment was recovered and after the grantor's purchase had been forfeited by the State for nonpayment of installments of purchase money.

**2.—Depositions—Taking in Office of Attorney.**

It was proper to refuse to quash a deposition, though the witness wrote out his answers in the office of the attorneys for the party offering it in evidence and had them afterwards attested by a notary not present when they were written, where, the witness being about to leave the country, no notary could be obtained to take them down and the witness dictated his answers to the stenographer for the attorneys, who were not present and did not assist

or suggest answers, and the questions and answers were read over by the notary and witness before being sworn to.

**3.—Principal and Surety—Judgment—Payment.**

A surety contracting and sued as principal, who does not plead his suretyship, has no remedy on the judgment after satisfying it, and can not maintain suit thereafter to revive the judgment and establish his suretyship therein. His remedy is by an action against the principal in the nature of assumpsit.

**4.—Same—Assignment.**

The assignment of a satisfied judgment to the defendant who extinguishes it gives him no right to enforce it against his codefendant.

Appeal from the District Court of Hill County. Tried below before Hon. Nelson Phillips.

*Wear, Morrow* and *Smithdeal*, for appellant.—It appearing that the judgment sued on was rendered against Orr, Rose and Cox on the 11th day of April, 1895, and that on the 15th day of January, 1895, several months before said judgment was rendered, W. D. Orr made a quitclaim deed to A. T. Rose for certain land, the court erred in concluding as a fact that said deed was given to satisfy said judgment.

It appearing that at the time the deed was made Orr represented to Rose that he had kept up his payment on the land described in said deed, and had proved up his occupancy for three years thereon, and Rose did not know that said land had been forfeited for nonpayment, the court erred in concluding as a fact that said deed was made in satisfaction of said judgment.

The court erred in refusing to suppress the deposition of C. C. Hunton. Rice v. Word, 93 Texas, 532; Testard v. Butler, 20 Texas Civ. App., 106.

The court erred in holding that by said payment the judgment was satisfied, and that the plaintiff was not entitled to said relief. Rev. Stats., art. 3815; Rev. Stats., art. 3813; Ernest v. Anheuser, 26 S. W. Rep., 457; Bank v. Skidmore, 30 S. W. Rep., 565; Hudson v. Morris, 55 Texas, 395.

*Spell & Phillips,* for appellee.—The court did not err in refusing to suppress the deposition of C. C. Hunton. Schunior v. Russell, 83 Texas, 90.

The court did not err in holding that the payment of the judgment by Rose was a complete satisfaction of said judgment, because the issue of suretyship on the part of Rose and Cox was never raised by the pleadings of either party to the suit, and the question of suretyship was not adjudicated. The judgment is a straight judgment against Orr, Rose and Cox, as joint obligors, and the payment of said judgment by any one of the said obligors was full and complete satisfaction of same. National Bank v. Daugherty, 81 Texas, 301; Faires v. Cockrill, 31 S. W. Rep., 191; Huggins v. White, 27 S. W. Rep., 1066; Mullaly v. Springer Lithographing Co., 29 S. W. Rep., 168; Wiley v. Pinson, Exec., 23 Texas, 488; Holliman v. Rogers, 6 Texas, 97; Delleshaw v. Eddelen, 72 S. W. Rep., 413.

It is necessary in order for a surety to obtain the benefit of articles

3815 and 3813, Revised Civil Statutes, to raise the question of surety-ship by appropriate pleading and to have same adjudicated like any other fact in issue. Wiley v. Pinson, 23 Texas, 488; Lockhart v. Gibbs, 2 Texas Unreported Cases, 293; National Bank v. Daugherty, 81 Texas, 306.

The question of suretyship could not be established in the manner attempted by the appellant in this case. If the judgment upon which appellant declares was erroneous or incorrect in any particular, same should have been amended, as provided in article 1356, Revised Civil Statutes, and not in a proceeding of the kind instituted by appellant.

Rose's remedy against his cosureties is on the implied assumpsit and not on the judgment, which had been in all respects extinguished and abrogated by payment, and limitation has long since become a complete bar to appellant's cause of action. Art. 1356, Revised Civil Statutes; Mansel v. Cassells, 93 Texas, 414; Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 456; Hinzie v. Kemper, 82 Texas, 621; Thorp v. Gordon, 43 S. W. Rep., 322; Wilson v. Smith, 43 S. W. Rep., 1086; Eck v. Warner, 60 S. W. Rep., 799; Meyers Bros. Drug Co. v. Coulter, 46 S. W. Rep., 648; Segal v. Armistead, 62 S. W. Rep., 1073; McLean v. San Antonio Nat. Bank, 68 S. W. Rep., 63.

EIDSON, Associate Justice.—This suit was brought by the appellant against W. D. Orr and John P. Cox for the purpose of reviving a judgment rendered in April, 1895, in favor of J. B. Jones and against W. D. Orr, John P. Cox and A. T. Rose, and to establish the fact of the suretyship of John P. Cox and A. T. Rose on the debt on which said judgment was based; A. T. Rose having in 1896 paid off said judgment to the said Jones, and at the time of such payment, obtained a written assignment of the judgment from the said Jones, and thereafter transferred his rights to said judgment to the appellant. A trial before the court without a jury resulted in a judgment for appellees.

Appellant's first assignment of error complains of the action of the court below in finding as a fact that the deed made by Orr to Rose was made in satisfaction of the debt accruing by reason of the payment of said judgment by Rose. Appellant's contention is that the undisputed evidence shows that the judgment in favor of Jones and against Orr, Rose and Cox was rendered on the 11th day of April, 1895, and that on the 15th day of January, 1895, Orr made a quitclaim deed to Rose for certain land, and that on account of the deed being made prior to the rendition of the judgment, the court was not authorized in finding that it was made in satisfaction of the debt accruing to Rose against Orr, by reason of his, the said Rose, paying off said judgment. The evidence shows that the deed was made by Orr to Rose prior to the rendition of said judgment; but it also appears from the testimony of Orr that the suit was brought prior to the making of said deed, and that he knew at the time that a judgment would be rendered against him, and that he would be unable to pay off same, and that on this account he wrote to Rose, offering to make him a deed to certain land in Deaf Smith County, in consideration that he, Rose, would pay off the judgment when it was procured against

him, and that Rose replied to him by letter that he would accept the deed for that purpose, and that he, Orr, made the deed and sent it by mail to Rose. It was also shown by other testimony in the record that Rose asserted ownership and control over the land after the deed was made, and that he made statements tending to show that he had received the deed in satisfaction of the amount he had paid on the judgment. We are of the opinion that this testimony was sufficient to justify the finding of the court complained of.

Appellant's second assignment of error also complains of said finding of the court upon the ground that it was not supported by the evidence, because at the time said deed was made by Orr to Rose, the former represented to the latter that he had kept up his payments on the land described in said deed, and had proved up his occupancy for three years thereon, and that at the time of said conveyance, Rose did not know that said land had been forfeited for nonpayment of the purchase money due the State, and that as a fact at that time said land had been forfeited; and the court in its findings of fact found that at the time of the conveyance of said land, the same had been forfeited by the Commissioner of the General Land Office. We do not think this finding of the court necessarily militates against the acceptance by Rose of the deed in satisfaction of the amount paid by him, or to be paid in settling off the judgment. It may have been that appellant was willing to accept the quitclaim deed to the land and risk its condition as to the purchase money being paid. In any event, the evidence does not show that the deed was not to be accepted by Rose in satisfaction of the debt, if the purchase money had not been duly paid.

By his third assignment of error, appellant complains of the refusal of the court to suppress the deposition of C. C. Hunton; appellant's contention being that said deposition was taken in the office of the attorneys for the defendants and under the supervision of one of them, and that after they were taken in that manner, a notary public was called in to let the witness be sworn to said deposition, and that the notary did not, in fact, take the depositions, and for these reasons, the same should be suppressed. Before passing upon the motion, the court below heard testimony upon the question raised thereby. It appears from the statement of W. E. Spell, one of the attorneys for the defendant in this case, which was admitted as evidence upon the hearing of said motion, that the witness Hunton informed him that he, Hunton, was going to Bosque County, via Waco, on the morning train, which train left Hillsboro about 9 o'clock a. m. for Waco, and from thence to Bosque County, and from there he intended going to the State of California to permanently reside, and that if he, Spell, wished his deposition in this case, he had better get it before the departure of said train upon which he, the witness, was going to Waco; that he, Spell, called at the offices of several notaries public for the purpose of having the deposition of the said witness taken, but all of said notaries were absent from their offices. Thereupon he, Spell, suggested to the witness, Hunton, to go to the office of Spell & Phillips and dictate his answers to the interrogatories to the stenographer in their office; that the witness did go to said office and did dictate his

answers to the interrogatories to the stenographer, and after same were transcribed he, the witness, and A. W. Young, the notary public before whom they were taken, went over same carefully, said notary reading the interrogatories as propounded, the witness reading over his answers to same, as same had been dictated by him and taken and transcribed by the stenographer. After the notary public had read each and every interrogatory propounded to the witness, and after the witness had read the answers he had dictated to the stenographer and as they had been transcribed, he, the said witness, acknowledged to the said notary public that the said answers were correct, and subscribed and swore to same; and that at the time the notary public and the witness were going over the said witness's answers, neither of the attorneys for the appellees was present, and that at no time did the attorneys or either of them assist the said witness in framing his answers, or make any suggestions to said witness as to how the said answers should be made. The testimony of the witness Hunton does not in any material respect conflict with the statement of Spell. We do not think there was any error in the action of the court in overruling the motion to suppress the depositions. We are of opinion that the facts relating to the question here raised distinguish it from that decided in Rice v. Word, 93 Texas, 532, and Testard v. Butler, 20 Texas Civ. App., 106.

In the former case, the attorney furnished the notary with memoranda of the matters to which the witnesses would testify, prepared by him from information obtained from them in previous conversations, and said memoranda were used by the notary, and when matters therein contained were omitted in the answers, the notary suggested such omissions in order to refresh the witnesses' memory upon the points they were interrogated about; and the court held that the depositions should, for these reasons, be suppressed. In the latter case it was held by the Court of Civil Appeals of the Fourth District, that an attorney who had been employed to find and furnish the names of witnesses to prove certain facts, was incompetent to act as the notary to take the depositions of such witnesses.

Appellant's fourth assignment of error complains of the court's finding of fact to the effect that the deed from Orr and wife was made in satisfaction of the judgment sued on, because it appears from the evidence that Rose, at the time the deed was made to him, lived at Austin, about 600 miles from the land described in the deed, and that he did not know at the time that the land had been forfeited, and because Orr had represented to him that the land had not been forfeited, and because the deed was not in fact delivered to Rose but was placed on record by Orr and mailed by him to the Citizens National Bank of Hillsboro, and not mailed to Rose, who resided in Austin, and was never received by him. While there was a conflict in the evidence as to whether or not Rose accepted the deed to the land in satisfaction of the debt enuring to him by reason of his paying off the judgment, in our opinion there is sufficient to support the finding of the court that the land was conveyed by Orr to Rose in satisfaction of the latter paying off the judgment. The testimony showed that very soon after the deed was made, Rose asserted ownership over the land, and employed a party to look after it for him.

By his fifth assignment of error, appellant complains of the action of the court in holding that by the payment by Rose of the judgment recovered by Jones against Orr, Rose and Cox, it was satisfied and extinguished, and that plaintiff was not entitled to have same revived. In our opinion there was no error in this holding of the court below. The payment of the judgment by Rose was a complete satisfaction thereof. The issue of suretyship on the part of Rose and Cox was not raised by the pleadings of either party to the suit, and the question of suretyship was not adjudicated. The judgment is against W. D. Orr, A. T. Rose and John P. Cox as joint obligors. (Nat. Bank v. Daugherty, 81 Texas, 301; Faires v. Cockrell, 88 Texas, 428; Huggins v. White, 27 S. W. Rep., 1066; Wiley v. Pinson, 23 Texas, 488; Holliman v. Rogers, 6 Texas, 97; Delleshaw v. Eddelen, 72 S. W. Rep., 413.)

In our opinion, in order for the surety to obtain the benefit of articles 3815 and 3813, Revised Civil Statutes, he should plead the question of suretyship, and have the same adjudicated on the trial of the case. (Bank v. Daugherty, supra; Wiley v. Pinson, supra; Lockhart v. Gibbs, 2 Posey's U. C., 293.) Rose being a joint obligor in the note declared on in the case of Jones v. Orr et al., and having paid off and discharged the judgment, his remedy against his co-surety would be on the implied assumpsit and not on the judgment which was extinguished by such payment. (Faires v. Cockrell, supra; Holliman v. Rogers, supra; Delleshaw v. Eddelen, supra.)

Appellant's sixth assignment of error is not well taken. The assignment of a satisfied and extinguished judgment could give the assignee no rights thereunder.

There being no error pointed out in the record, the judgment of the court below is affirmed.

Associate Justice Key did not sit in this case.

*Affirmed.*

Writ of error refused.