McNEESE et al. v. FIRST NAT. BANK OF WACO et al. (No. 5595.)

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1916. Rehearing Denied Feb. 23, 1916.)

TRIAL &3—SEPARATE ISSUES—COSURETIES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6331, provides that when any suit is brought against two or more defendants, any one of whom is surety for the others, the surety may cause the question of suretyship to be tried and determined either on the trial or at a subsequent term, but such proceedings shall not delay plaintiff's suit. Article 6333 provides that when a surety is compelled to pay a judgment, it shall not be discharged, but shall remain in force for his use as if assigned to him to the extent of his payment. Cross-petitioner was a defendant in an action on a note on which he was surety for his codefendants, and sought judgment in his favor against his codefendants under the above statutes. The codefendants were not cited to appear and received no notice of the cross-petition. Held, that the judgment in his favor on the

cross-petition was erroneous, since he in effect became a plaintiff and could not have judgment without notice, regardless of whether the cross-action arose out of the demand connected with the original suit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. &3.]

Error from District Court, McLennan County; Tom L. McCulloch, Judge.

Action by the First National Bank of Waco against R. H. Kimsey and others, in which Charles L. Sanger filed a cross-bill against his codefendants. From a judgment for the cross-petitioner, defendants Frank McNeese and W. J. Duncan bring error. Reversed and remanded.

Alva Bryan and J. A. Stanford, both of Waco, for plaintiffs in error. J. D. Williamson, of Waco, for defendants in error.

RICE, J. On July 28, 1914, the First National Bank of Waco brought suit in said court against R. H. Kimsey, W. J. Dunken, Charles L. Sanger, and Frank McNeese. alleging that on the 24th of March, 1913, said parties made, executed, and delivered to it their certain promissory note for $4,327.90, due on demand, bearing 8 per cent. interest from date, and providing for 10 per cent. attorney's fees, upon which there were certain credits, amounting to $3,775, praying for judgment for its debt, interest, and attorney's fees. All of said parties, except Sanger, were duly cited to appear and answer said petition at the next term of said court to be held on the 5th of October, 1914, but none of them answered, except Sanger, who admitted the truth of the allegations of plaintiff's petition, but alleged that he executed the note at the request and for the benefit and accommodation of his codefendants; that he received no benefit therefrom, and that, as between him and his said codefendants, he was surety and only secondarily liable thereon, and prayed for judgment over against them for any amount which he might be required to pay upon any judgment which might be rendered thereon in favor of plaintiff. The other defendants were not cited to answer such cross-action against them. Thereafter on the 6th of October, 1914, judgment was rendered therein in favor of the First National Bank of Waco against all of said parties jointly and severally for the balance due on said note, to wit, $761.42, together with interest thereon; but said judgment provided that as between the defendant Sanger and his codefendants, that he was a surety on said note and only secondarily liable thereon, and that he was entitled to judgment over against said other defendants for any amount which he might be required to pay thereunder. It was therefore ordered, adjudged, and decreed that the said Sanger should have his execution against said other defendants, naming them, jointly and severally for any amount which he might

be required to pay on the judgment in favor of plaintiff against them, from which judgment Frank McNeese and W. J. Dunken alone have prosecuted this writ of error, urging that the court erred in rendering judgment in Sanger's favor as surety against them, on the ground that they had no notice of his cross-action, for which reason said court was without jurisdiction to render any judgment in his favor against them. So that the sole question for our consideration is whether or not judgment was properly rendered in behalf of Sanger, as surety, against plaintiffs in error without their having been served with his cross-action.

This question, so far as we are advised, has never been passed upon by the courts of this state. Our statute upon this subject provides that:

"When any suit is brought against two or more defendants upon any contract, any one or more of the defendants being surety for the others, the surety may, upon a written statement of the matter being set out in his answer, cause the question of suretyship to be tried and determined upon the issue made for the parties defendant at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceeding shall not delay the suit of the plaintiff."

See 4 Vernon's Sayles' Rev. Civ. Stats., art. 6331. Article 6333, Id., provides that when a surety is compelled to pay any judgment or any part thereof, or shall make any payment which is applied on such judgment by reason of such suretyship, the judgment shall not be discharged by reason of such payment, but shall remain in force for the use of such surety and shall be considered as assigned to him, together with all the rights of the creditor thereunder, to the extent of the payment thereof made by such surety, and that the surety shall be entitled to have execution thereon in the name of the creditor for his benefit against the principal debtor for the full amount of such payment, interest, and costs, which execution shall be issued upon the application of the surety to the clerk or court, as the case may be, and shall be levied, collected, and returned as in other cases.

The suit was brought against all of said defendants as joint obligors on the note, and judgment went against them as such. Hence they and each of them were liable for the full amount thereof. In order for Sanger to claim the benefit of the statutes above quoted, it became necessary for him, not only to plead, but to prove the fact of suretyship and have the matter adjudicated. See Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534; Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066; Wiley v. Pinson, 23 Tex. 488; Holliman v. Rogers, 6 Tex. 97; Deleshaw v. Edelen, 31 Tex. Civ. App. 416, 72 S. W. 413; Polk v. Seale, 144 S. W. 332. By reason of which, we think Sanger, as to these matters, became plaintiff as against his codefendants. If it became necessary to plead and prove the question of suretyship, then it seems to us that it goes without saying that they would be entitled to notice of his cross-action asserting such right. Not to so hold we think would be to declare that a plaintiff would be entitled to judgment in his favor against a defendant whom he had failed to cite to answer his petition. It is elementary law that a defendant against whom a right is asserted is entitled to notice and to his day in court before judgment can be rendered upon the demand against him. It has been frequently held that where one defendant has an independent cross-action against another defendant, who is not summoned and did not appear, that no judgment on the cross-action can be rendered against the latter. See Swift v. Beemer, 160 S. W. 989; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Pena v. Pena, 43 S. W. 1027; Roller v. Reid et al., 87 Tex. 69, 26 S. W. 1060. Is this any the less true where such cross-action arises out of some demand related to or connected with the original suit? We think not.

It follows from what we have said that we conclude that the court erred in rendering judgment in Sanger's favor on his cross-action against his codefendants without citing them to appear and answer same; for which reason the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

