(109 Tex. 401)

MOORE et al. v. JENKINS. (No. 2702.)

(Supreme Court of Texas. May 14, 1919.)

1. VENDOR AND PURCHASER ⊙⟺287—FORECLO-
SURE OF VENDOR'S LIEN—VACATING SALE.

Where assignee of judgment foreclosing vendor's lien, by agreeing to release owners of the land from liability on such judgment in consideration of their refraining from bidding at foreclosure sale, and by later repudiating such agreement immediately prior to the sale, when it was too late for owners to bid, prevented owners from bidding at sale, owners could have sale set aside for fraud; effect of express and

unconditional renunciation of contract being to entitle owners to treat contract as terminated.

2. CONTRACTS ⊙⟺313(1)—BREACH—INTENTION
TO ABANDON AT SOME FUTURE DATE.

The intention to abandon a contract at some future date is no breach of it, but when that intention is declared in positive terms and unconditionally, it has effect, in so far as promisor is able to do so, to repudiate contract itself and to terminate contractual relations between the parties.

3. APPEAL AND ERROR ⊙⟺1175(1)—DISPOSI-
TION OF CAUSE ON REVERSAL.

Where trial court of its own motion instructed a verdict against plaintiff without giving defendant an opportunity to offer any evidence under his denial of plaintiff's allegations, on appeal, judgment cannot be rendered by appellate court in favor of plaintiff.

4. SUBROGATION ⊙⟺31(4) — FORECLOSURE OF
VENDOR'S LIEN—VACATING SALE.

Where joint judgment debtor under a judgment foreclosing a vendor's lien paid the judgment and took an assignment and agreed to release owner from liability on such judgment in consideration of an agreement to refrain from bidding, but repudiated such agreement prior to sale, thus preventing owner from bidding, the assignee, who had paid the judgment, is entitled to be subrogated to the vendor's lien for the amount paid by him on the judgment, or to have such judgment enforced for his protection; the sale having been set aside for fraud.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by W. S. Moore and another against J. V. Jenkins. From a judgment of the Court of Civil Appeals (168 S. W. 398), affirming a judgment for defendant, plaintiffs bring error. Reversed and remanded.

Stuart, Bell & Moore, of Gainesville, for plaintiffs in error.

R. L. Rush, of Eastland, for defendant in error.

GREENWOOD, J. This suit was brought by plaintiffs in error against defendant in error to set aside a sheriff's sale to defendant in error of 320 acres of land in Eastland county, under a judgment foreclosing a vendor's lien on the land in favor of Claud McCauley and against plaintiffs in error, defendant in error, and others.

It was alleged and proven that plaintiffs in error desired to acquire the land in controversy, subject to certain outstanding vendor's lien notes, and requested defendant in error, as a matter of accommodation, to have the deed made to him, which was done, a part of the consideration being the assumption by defendant in error of the vendor's lien notes. Immediately afterwards, defendant in error conveyed the land to plaintiff in error, R. G. Moore, wife of plaintiff in error,

W. S. Moore, in consideration of the assumption by R. G. Moore of the vendor's lien notes. Under the agreement between the parties hereto, defendant in error was to hold the title for the benefit of plaintiffs in error, and was not expected to discharge the notes, and was to get nothing out of the transaction. Owing to a failure to make interest payments, the holder and owner of the vendor's lien notes, Claud McCauley, declared same due, and on July 19, 1911, recovered a judgment thereon against plaintiffs in error, defendant in error, and others, for $1,387.46⅔, with 8 per cent. interest from date and costs, with foreclosure of vendor's lien on the 320 acres of land. On June 7, 1912, Claud McCauley, in consideration of $1,452.60 cash, executed unto defendant in error a written transfer of the judgment.

It was alleged by plaintiffs in error that while defendant in error was the owner and transferee of the judgment, it was agreed between plaintiffs in error and defendant in error that upon the sale of the 320 acres of land, under foreclosure of the vendor's lien, the plaintiffs in error would refrain from bidding thereon, and that defendant in error would bid in the land as cheaply as he could, and would then release plaintiffs in error from the payment of the balance of the judgment, but that on the day on which the sale was to be made defendant in error repudiated his agreement, expressing a determination to buy the land as cheaply as possible and enforce the balance of the judgment against plaintiffs in error, such repudiation occurring when it was too late for plaintiffs in error, though they exercised due diligence, to protect themselves by bidding for the land, and, as a result, the land, being worth $2,400, was purchased by defendant in error for the grossly inadequate price of $100, and these allegations were supported by the testimony of plaintiff in error, W. S. Moore.

Defendant in error pleaded a general denial, and, by cross-action sought to recover of plaintiffs in error the amount he had been compelled to pay on account of said judgment, for the accommodation of plaintiffs in error, and prayed for general relief.

Upon the conclusion of the evidence offered by plaintiffs in error, the trial court instructed a verdict for defendant in error, and the Court of Civil Appeals affirmed the judgment on the instructed verdict, holding that plaintiffs in error had no cause of action to set aside the sheriff's sale, but had a cause of action to have the judgment against them decreed satisfied. 168 S. W. 398.

Section A of the Commission of Appeals, to whom the case was referred, has recommended that the judgment of the Court of Civil Appeals be reversed and that judgment be here rendered for plaintiffs in error, upon the conclusion that the payment by defendant in error of the joint judgment without adjudication of suretyship, against defendant in error, plaintiffs in error, and others, operated as a satisfaction thereof, citing Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028; Deleshaw v. Edelen, 31 Tex. Civ. App. 416, 72 S. W. 413; Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534; and Polk v. Seale, 144 S. W. 329.

[1-3] The Commission of Appeals was of the opinion that plaintiffs in error would have a cause of action to avoid the sheriff's sale of the 320 acres of land, on the facts set up in their petition and supported by the testimony of W. S. Moore, and we concur in that opinion.

The effect of an express and unconditional renunciation of his contract, by defendant in error, was to entitle plaintiffs in error to treat the contract as terminated if they so desired. The law on this subject was plainly stated by Judge Brown as follows:

"The intention to abandon the contract at some future date is no breach of it, but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to repudiate the contract itself and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But to have this effect the declaration of an intention not to perform the contract in the future must be unconditional in its terms. * * * The ground upon which it is held that when one declares that he will not perform a contract, the performance of which is to begin in the future, the other party may accept this declaration as a breach is that the contract is thus repudiated, and, so far as one party can do so, the contractual relation between the parties is destroyed. Clark on Contracts, 645; Zuck v. McClure, 98 Pa. 545." Kilgore v. N. W. T. Baptist Educational Ass'n, 90 Tex. 142, 144, 37 S. W. 600.

It thus appears that if defendant in error renounced his agreement, plaintiffs in error became entitled to bid at the sheriff's sale, and it is too plain for discussion that if the wrongful conduct of defendant in error prevented plaintiffs in error from bidding at the sheriff's sale and enabled him to acquire the land at an inadequate price, his title cannot be sustained against direct attack by plaintiffs in error. However, judgment cannot be here rendered avoiding the sheriff's sale, by reason of the alleged wrongful conduct of defendant in error, because the trial court, of his own motion, instructed a verdict against plaintiffs in error, without giving defendant in error an opportunity to offer any evidence under his denial of plaintiffs in error's allegations.

[4] We do not adopt the recommendation of the Commission of Appeals that judgment

be here rendered for plaintiffs in error because of the supposed extinguishment of the judgment through the attempted transfer of same to defendant in error. This case does not call for a determination of the question as to whether one joint judgment debtor, who is really an undisclosed surety of others, may not, by express agreement between himself and the plaintiff in the judgment, become the owner of the judgment, by transfer thereof. For, regardless of the answer to that question, defendant in error is plainly entitled to full protection, through the vendor's lien on the 320 acres of land, against damages by reason of the obligations he has incurred entirely by way of accommodation to plaintiffs in error. Defendant in error's right to such protection is announced in the following portion of the opinion in Faires v. Cockerell, 88 Tex. 436, 31 S. W. 194 (28 L. R. A. 528) viz.:

"From a careful examination of the authorities we reach the conclusion that when the creditor has no security from either of the payors, and the debt itself holds no lien upon property, nor is for any reason entitled to priority over other debts of the debtor, the payment of the debt by a co-obligor or surety satisfies the original debt, and the party paying has his right of action against the others upon the implied promise raised by law for reimbursement, according to their several liabilities. Griffith v. Reed, 21 Wend. [N. Y.] 505 [34 Am. Dec. 267]; Copis v. Middleton, 11 Eng. Ch. 128; Bryant v. Smith, 10 Cush. [Mass.] 169; Pray v. Maine, 7 Cush. [Mass.] 253; Kennedy v. Carpenter, 2 Whart. [Pa.] 344; Hopkins v. Farwell, 32 N. H. 425; Singleton v. Townsend, 45 Mo. 379; Smith v. Johnson, 23 Cal. 64; Ward v. Henry, 5 Conn. 595 [13 Am. Dec. 119]; Frevert v. Henry, 14 Nev. 191; Gieseke v. Johnson, 115 Ind. 308, 17 N. E. 573; Crisfield v. State, 55 Md. 193; Bushnell v. Bushnell, 77 Wis. 435 [46 N. W. 442, 9 L. R. A. 411]; Chipman v. Morrill, 20 Cal. 130; Sichel v. Carrillo, 42 Cal. 506; Louvall v. Gridley, 70 Cal. 510 [11 Pac. 777]; Penniman v. Vinton, 4 Mass. 276. When the creditor in such a contract has a security from the principal or obligor, or either of them, or if the debt itself constitutes a lien upon the property of the debtor, as a vendor's lien, or if from its nature it be entitled to priority in payment of other debts of the debtor, the person paying the debt, not being a volunteer, will be subrogated to the securities, liens, and priorities of the creditor to the extent that he makes payment on the debt; and, if it be necessary, from the character of the lien or security, in order to do full justice between the parties, equity will treat the original debt as subsisting, so far as may be necessary to accomplish that end. Hodgeson v. Shaw, 3 Myl. & K. 341; Parson v. Briddock, 2 Vern. 608; Berthold v. Berthold, 46 Mo. 557; Ex parte Crisp, 1 Atk. 131; Stevens v. West, 1 How. (Miss.) 308 [29 Am. Dec. 630]; Waldrip v. Black, 74 Cal. 409 [16 Pac. 226]; Bank v. Ackerman, 70 Tex. 315 [8 S. W. 45]; Fleming v. Beaver, 2 Rawle (Pa.) 128 [19 Am. Dec. 629]; Rodgers v. McCluer, 4 Grat. (Va.) 81 [47 Am. Dec. 715]."

Under the language quoted, it cannot be doubted that if the sheriff's sale be set aside, defendant in error will be entitled to be subrogated to the vendor's lien for the amount paid by him on the judgment foreclosing same, or to have that judgment enforced for his protection. Having that right, we cannot render a judgment which would divest same.

It follows that the judgment of the district court and of the Court of Civil Appeals should be reversed, and that this cause should be remanded for trial in accordance with this opinion; and it is so ordered.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes