POLK v. SEALE et ux.

(Court of Civil Appeals of Texas. Galveston. Jan. 6, 1912. Rehearing Denied Feb. 15, 1912.)

1. JUDGMENT (§ 878*) — PAYMENT BY CO-OBLIGOR—ENFORCEMENT AGAINST CODEBTOR. P., S., T., and N. subscribed to corporate stock, each to take in severalty a fourth part of the stock subscribed, and gave their joint note for the subscription price. In an action on the note, N. answered by general denial; T. answered by setting up the transaction out of which the note arose, and alleged that each

_____

of the defendants was primarily liable for a fourth of the note, and liable as surety for each of the others in a like amount. P. and S. answered that they signed the note as sureties for T. and N. The judgment found against the four defendants jointly for the full amount of the note, and recited that, if either of the defendants should pay to the plaintiff more than one-fourth of the judgment, he should, as to the excess so paid, become subrogated to the rights of the plaintiff against the other defendants. *Held*, that the recitals in the judgment as to the right of contribution and subrogation were in response to T.'s answer, and not to that of P. and S., and the judgment was one imposing a joint liability with a several right of contribution and subrogation; and hence, where T. paid the entire judgment, he was entitled to have execution issued in his favor against the other defendants to enforce contribution to the extent of three-fourths of the amount thereof, as authorized by Rev. St. 1895, arts. 3813, 3815, 3816; the rule that, where a judgment is rendered against several persons jointly, without provisions therein for the right of contribution or subrogation, the judgment is extinguished by a payment by one of the judgment debtors, so that his remedy for contribution is by a separate action, not applying.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1653–1656; Dec. Dig. § 878.*]

2. LIMITATION OF ACTIONS (§ 46*)—BREACH OF CONTRACT—ACCRUAL OF CAUSE OF ACTION.

Where a maker of a note agreed with his comaker that he would hold the comaker harmless from any liability on the note, limitations began to run against an action for breach of such agreement, not from the time of the entry of judgment on the note against both makers, but from the time that execution on the judgment was levied on property of the comaker.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 240–253; Dec. Dig. § 46.*]

3. LIMITATION OF ACTIONS (§ 180*)—PLEADING—PRESUMPTIONS.

On exceptions to a pleading, it will not be presumed that a contract pleaded was verbal and not in writing, so as to be barred by the statute of limitations applicable to parol contracts.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 180.*]

4. TRESPASS TO TRY TITLE (§ 16*)—DEFENSES.

In trespass to try title by a purchaser at a sale under an execution on a judgment, a plea that plaintiff and defendant were joint makers of the note on which the judgment was based, and that plaintiff, before action brought on the note, agreed to hold defendant harmless from any liability thereon, did not present a permissible defense.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 16.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by I. D. Polk against A. B. Seale and wife. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Crook, Lord & Lawhon, for appellant. Smith, Crawford & Sonfield and D. W. Glasscock, for appellees.

REESE, J. This is a suit in trespass to try title instituted by I. D. Polk against A. B. Seale and wife, which resulted in a judgment for defendants, from which plaintiff appeals.

The following statement from appellant's brief, acquiesced in as correct by appellees, will explain the issues presented on this appeal:

Appellant, I. D. Polk, brought suit in trespass to try title against A. B. Seale and Mattie R. Seale, his wife, and sought to recover title to 74 acres of land out of the J. W. Bullock survey in Jefferson county, Tex., and lots 1 and 2 in block 8 of the Jersey Farm addition to the city of Beaumont, Jefferson county, Tex.

The defendants answered by general denial and plea of not guilty, and for special answer set forth that lots 1 and 2 in block 8 of the Jersey Farm addition were a part of their homestead, and that plaintiff was asserting title under an execution sale, the execution having issued out of the judgment in the case of First National Bank of Houston v. I. D. Polk, A. B. Seale, W. H. Turner, and C. L. Nabers, and that, at the time of the levy of said execution, the property in question was the homestead of defendants; and the said Mattie R. Seale further specially pleaded that the two lots in question were her separate property, having been acquired by gift and inheritance from her father, and that, by reason of said facts, such property was not subject to sale to satisfy a judgment against the defendant A. B. Seale.

The defendants further specially answered that the judgment out of which the execution was issued was rendered against the plaintiff, I. D. Polk, the defendant A. B. Seale, and W. H. Turner and C. L. Nabers; that the cause of action upon which said judgment was rendered was upon two promissory notes for $5,000 each, executed jointly by the four defendants therein, and were payable to the Turner & Nabers Lumber Company, a corporation, and that said notes were thereafter transferred by indorsement to the First National Bank of Houston, and that the First National Bank of Houston brought suit against the makers of the notes, but did not join the indorser therein, and recovered judgment against the makers; that thereafter the plaintiff in this suit, I. D. Polk, one of the defendants in the case of the First National Bank of Houston v. I. D. Polk et al., paid off and satisfied said judgment, and caused the same to be transferred to his brother, J. V. Polk, but that the said J. V. Polk held said judgment in trust for the said I. D. Polk, and that, by reason of such facts, said judgment was wholly satisfied, and that there was no authority for the issuance of an execution thereon, and that the pretended levy and sale was void; and that the deed from the sheriff to I. D. Polk, who purchased at such sale, was likewise void.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Plaintiff, by supplemental petition, filed a general demurrer and special exceptions to said answer, and also answered specially, as will be shown hereinafter. The court overruled all exceptions, and the case went to trial before the court.

The plaintiff introduced in evidence an agreement as to common source. Plaintiff then introduced a certified copy of the judgment in the case of First National Bank of Houston v. I. D. Polk et al., No. 33,755, in the district court of Harris county, Tex., certified copy of transfer of the judgment from First National Bank of Houston to J. V. Polk, certified copy of pluries execution out of said judgment, together with the sheriff's return, showing levy and sale of the property in question, and then introduced deed from the sheriff of Jefferson county, Tex., to the land in question, and rested. It was agreed at the time of introducing the foregoing evidence that the defendants might, after it had introduced the pleadings of the various parties in the case of the First National Bank of Houston v. I. D. Polk et al., make objections to the admissibility of the evidence introduced by the plaintiff, and, after the defendants had offered in evidence the original petition of the plaintiff in the case of First National Bank of Houston v. I. D. Polk et al., the original answer of the defendant C. L. Nabers, the original answer of the defendant W. H. Turner, the original answer of the defendants I. D. Polk and A. B. Seale, the first and second supplemental answers of the defendants I. D. Polk and A. B. Seale, and an agreement that I. D. Polk, the plaintiff in this suit, had paid to the First National Bank of Houston the full amount of the judgment in said cause No. 33,755, and took a transfer of said judgment to J. V. Polk, to be held for the benefit of I. D. Polk, and that said judgment had, at all times, been the property of the said I. D. Polk, the defendants thereupon objected to the introduction of the judgment, because it was shown that the same was in favor of the First National Bank of Houston against said four defendants as joint obligors, and not as sureties, and that it was shown that said defendants were not sureties for another, nor for each other, and that it was shown that one of the defendants in said suit (plaintiff herein) had paid off and satisfied said judgment, and that said judgment thereby became satisfied, discharged, and extinguished, and that no valid execution could be issued thereon, and that therefore the execution issued out of said judgment was void, and that the levy, sale, and sheriff's deed and all proceedings under said judgment were void, and could not and did not vest title in the plaintiff, I. D. Polk. The court sustained this objection, and rendered judgment against the plaintiff and in favor of the defendants.

The first assignment of error is as follows: "The court erred in sustaining defendants' objection to the introduction of the judgment in the case of First National Bank of Houston v. I. D. Polk et al., No. 33,755, and to the execution, levy, sale, and sheriff's deed to the property in controversy and all proceedings under said judgment." The assignment was followed by a proposition which appropriately states the question of law presented by the ruling of the trial court and by this appeal.

The original petition in the case of the First National Bank of Houston v. I. D. Polk and others alleged the execution by I. D. Polk, C. L. Nabers, W. H. Turner, and A. B. Seale of two promissory notes for $5,000 each, payable to the order of the Turner & Nabers Lumber Company, and the indorsement and transfer of the note by the payee to the bank. The indorsers were not sued. To this petition, Nabers answered by general demurrer and general denial. W. H. Turner answered by general demurrer and general denial, and, by way of cross-action, pleaded as follows: "And by way of cross-action herein comes the aforesaid W. H. Turner and shows unto the court that if, at the time and place as alleged by the plaintiff, he and the other defendants herein made and executed the notes set forth in the plaintiff's original petition that the same was done under the following circumstances, to wit: That each of said defendants, namely, W. H. Turner, C. L. Nabers, I. D. Polk, and A. B. Seale, at the time of the execution of said notes, became and were subscribers to the authorized capital stock of a certain corporation, entitled 'Turner & Nabers Lumber Company,' each of said defendants then and there subscribing the amount of $2,500 of the shares of said corporation; that the said corporation was incorporated for the manufacture and sale of lumber, and has its domicile and principal place of business at Beaumont, Tex.; that, for the purpose of paying up the subscription of the said defendants to the capital stock of the said corporation, the said four defendants jointly made, executed, and delivered to the said corporation the said two notes, aggregating $10,000, and that thereafter the said corporation sold and indorsed the said notes to the plaintiff herein; that as between this defendant and the said corporation and the plaintiff herein, should this defendant be held liable for the entire amount of said notes, yet notwithstanding, at the time of the execution and delivery of said notes to the said corporation, it was understood and agreed by and between the several makers of said notes, defendants herein, that each of said four defendants should be liable for but one-fourth of the aggregate amount of said notes, or $2,500, an amount sufficient to discharge the principal subscription of each defendant to the capital stock of the said corporation; that this defendant is informed, and upon his information and belief states, that none of his said codefendants have, other than by the execution of the said note, paid to the said

corporation their subscription to the capital stock of the same, and that the said shares so subscribed by his said codefendants have heretofore been issued by the said corporation to each of said parties, but have by consent of the same been held by the officers of said corporation in escrow as collateral security to the aforesaid notes, and to secure the payment of the same; that, by reason of the aforesaid facts and circumstances, a lien exists in favor of the said corporation upon the said shares of stock subscribed by all the said defendants to secure the payment of the notes herein sued on; that, should the defendant herein hereafter, under processes of this court, be compelled to pay more than his due proportion, to wit, one-fourth of the judgment, principal, interest, attorney's fees, and cost rendered herein, he (said defendant) should be subrogated, not only to the judgment of the plaintiff recovered herein, but likewise to the lien and rights of said corporation, as against the said shares of stock." Other allegations of this pleading are immaterial to a determination of the question involved in this appeal.

Defendants Polk and Seale alleged in this answer that the notes were given to enable the Turner & Nabers Lumber Company to borrow money, and not for the purpose of paying stock subscriptions, as alleged by Turner, and that they signed the same as sureties, and they prayed that judgment be rendered against Nabers and Turner as principals.

The judgment, so far as is material, is as follows: "It is therefore considered by the court, ordered, adjudged, and decreed that the plaintiff, the First National Bank of Houston, do have and recover of and from the defendants I. D. Polk, W. H. Turner, C. L. Nabers, and A. B. Seale the sum of eleven thousand three hundred and sixty-five dollars and fifteen cents ($11,365.15), the same to bear interest from this date at the rate of ten (10) per cent. per annum, together with all costs incurred herein, for which let execution issue. It is further considered by the court, ordered, adjudged, and decreed that if either of the said defendants shall pay to the plaintiff more than one-fourth (¼) of the judgment rendered herein that he shall thereby become subrogated to all the rights and remedies of the plaintiff against each of the other defendants, provided, however, that no defendant herein paying said judgment, or any portion thereof, shall be entitled to satisfaction of the judgment herein given over against his codefendants in any amount which would reduce the amount paid by him to less than his proportionate part of the amount paid, based upon the number of defendants paying said amount."

In connection with this evidence, defendants offered in evidence an agreement of parties that I. D. Polk paid the judgment on May 10, 1904, and took a transfer of the same to J. V. Polk, to be held for his benefit, and that I. D. Polk was the owner of the judgment under said transfer.

It having been understood that the evidence should all be offered, preliminary to objections thereto by appellees, after it was all in, appellees made the following objections: "Defendants object to the introduction of the judgment in evidence, because it affirmatively appears therefrom that same was rendered in favor of the First National Bank of Houston, Tex., against the four defendants therein named, being the plaintiff herein I. D. Polk, the defendant herein A. B. Seale, and the two other parties, W. H. Turner and C. L. Nabers, jointly and as co-obligors, and not as sureties. It affirmatively appears therefrom that said four judgment defendants were not sureties, either for another of said defendants nor cosureties, and were not and could not have been in said judgment adjudicated to be such sureties, but were, as the sole defendants in said suit and judgment, adjudicated to be jointly and equally liable upon and under said judgment; and it further affirmatively appears from the record herein and agreements stated therein that, after the rendition of said judgment and prior to the issuance of the execution herein concerned, one of said judgment defendants, I. D. Polk, the plaintiff herein, fully paid and satisfied said judgment to the First National Bank of Houston, Tex., taking a transfer thereof from said bank to his brother, J. V. Polk, to be held in trust for the said I. D. Polk, and so appears that by said payment said judgment was satisfied, discharged, and extinguished, and no valid execution could thereafter lawfully be issued thereon; and the execution herein concerned, thereafter issued thereon, was and is, for said reasons, a nullity, void, illegal, and of no force or effect, and the levy, sale, sheriff's deed to I. D. Polk, and all the proceedings thereunder are likewise void and illegal, and did not and could not vest any title in plaintiff, I. D. Polk, and therefore all said instruments are not admissible in evidence for the purpose of showing such title." The court sustained the objection, which ended the case.

[1] In support of the ruling of the court, appellees rely upon the principles of law announced in the case of Ft. Worth National Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028, followed in Deleshaw v. Edelen, 31 Tex. Civ. App. 416, 72 S. W. 413, Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534, and other cases. In these cases the general doctrine is established that, where one of the defendants, in a judgment rendered against several jointly, pays the judgment, it is thereby satisfied, and cannot be kept alive by a transfer of the judgment to the party paying. The doctrine is limited to an ordinary judgment against several jointly, where no rights of the parties, as against each other, growing out of the nature of their respective obligations to each other under

the contract which is the basis of the judgment, are set up in the pleadings and protected in the judgment. It is held that, although the party paying the judgment be in fact a surety, unless his rights as such against the principal and his cosureties are established and protected in the judgment, the fact of suretyship will not avail him, if he pays the judgment and takes a transfer. This rule seems to be established in this state, no matter what the law upon this question may be in other jurisdictions, and the question here presented must be determined in accordance therewith.

But we think there is a clear distinction between the cases referred to, and others along the same line, and the present case. In none of the other cases was there any reference, either in the pleadings or the evidence, to any rights of the parties to the judgment, as against each other, growing out of the contract sued on. In the present case, as was shown by the evidence offered and excluded, the defendant Turner, in his pleadings in the original action of the bank, alleged that the two notes were given to cover certain subscriptions of Turner, Nabers, Polk, and Seale to the capital stock of the Turner & Nabers Lumber Company; that, by agreement between themselves, each was to take $2,500 of such stock, to be issued to them, not jointly, but separately, but to be held by the lumber company in escrow as security for the notes. It was further alleged that, as between themselves, each was to be bound for $2,500, though they were bound equally and jointly to the payee of the notes for the entire amount. The legal effect of the facts pleaded was to render each of the four makers of the notes, as between themselves, bound for $2,500 thereof as his own debt, and bound as surety for each of the others in a like amount. This was the essential nature of their contract as pleaded by Turner. From the tenor of the judgment, we are forced to the conclusion that the provisions thereof, subrogating any of the defendants paying more than his share to all of the rights and remedies of the plaintiff against each of the other defendants, were in response to Turner's plea, and recognized and provided for the protection of the rights, not only of Turner, who did not pretend to have any superior rights to either of his codefendants, but of each of the defendants, including the appellant. We think the doctrine of suretyship, as recognized by the statute, (Rev. St. arts. 3813, 3815, 3816), is broad enough to cover such a case as was presented by the facts set up in Turner's cross-action, and is not to be limited to the ordinary and more familiar case where one or more are principals as to the entire debt, and the others sureties for such principal. There can be no doubt that the object of Turner's cross-action was to get for himself the benefits of the statute, as a surety for the other defendants, as to all of the debt, except the $2,500,

as to which he was a principal, and similarly as to each of the others; and it seems clear to us that it was the intention of the court, as expressed in the judgment, to protect each of the defendants in this right by subrogating him, in case he paid more than his share, to all the rights of the plaintiff in the enforcement of the judgment as such surety. This intention appears to be rather awkwardly expressed; but it is sufficiently clear to effect this result. It must have been so understood by the parties, who acquiesced in it and made no objection.

If this were not the intention of the judgment as understood by the parties, there can be no reasonable explanation of the provision of the judgment with regard to subrogation. Appellees contend that this part of the judgment is only declaratory of the rights of the parties as joint obligors. We do not so regard it. It was unnecessary for that purpose, and if it was not for the purpose of subrogating the party paying more than his share to the rights of the plaintiff in and upon the judgment—that is, the right to have the judgment enforced by execution for his benefit, just as appellees sought to do —it is difficult to see why the parties should have sought, or the court granted, the right of subrogation, as was done; and even if the parties had been merely joint obligors, as the law presumes prima facie that they are equally bound, and creates out of such obligation the right of contribution among themselves, where the parties agreed or acquiesced in a judgment subrogating either party paying more than his share to the rights of the plaintiff in the judgment to enforce such contribution by the issuance of execution upon the judgment, instead of by the circuitous route of another suit for contribution, we can see no objection to it being done. It is merely shortening and cheapening the way to a correct legal result—a thing always to be desired. Evidently it was the purpose of the judgment to reach this result by the short way, to which, so far as appears, all the parties agreed, or in which they acquiesced. There is nothing in the principle announced in the decisions referred to inconsistent with this view, which also has the merit of abstract right and justice. Clearly, when appellant paid the judgment, he had a right to call on A. B. Seale to pay his share, which was more than the amount ($2,400) for which the property sold. It is true that appellant and Seale pleaded in the bank suit that they were only sureties for Nabers and Turner, and asked for judgment accordingly; but it is clear that the provision in the judgment as to subrogation was not in response to this plea, but that the same was denied. We think the court erred in sustaining the objection to the evidence offered, and the assignment of error must be sustained.

What we have said disposes, also, of the second and third assignments of error, which present substantially the same question. As

the judgment will be reversed and remanded, what we have said sufficiently indicates our views of the law upon the question presented by these assignments.

[2, 3] In the present case, appellees also pleaded, by answer filed October 14, 1910, that in August, 1903, A. B. Seale was induced by appellant to transfer all of his stock in the Turner & Nabers Lumber Company for and in consideration of their stock in the Midway Lumber Company, with the understanding, and as part of the consideration for such transfer, that Seale was to be held harmless against any liability on said two notes of $5,000 each to the Turner & Nabers Lumber Company, and that appellant had violated said agreement in permitting the First National Bank to obtain judgment on said notes against all the makers thereof, including said Seale. To this part of the answer, appellant excepted, on the ground that whatever claim appellees may have had upon these allegations was barred by the statutes of limitation of two and four years. This agreement or contract, if any, of appellant was certainly breached by the issuance and levy of execution on the judgment against the property of Seale, and the sale thereof. The sale is alleged to have been made on April 7, 1908, more than two years before the plea was filed. It does not appear from the allegations of the plea whether the agreement upon which it is based was in writing or not. No presumption arises that it was not. If it was in writing, we are inclined to the view that an action for its breach would be barred in four years, if not in writing in two years, from the date of the breach. We do not agree with appellees that it was breached by the act of appellant in permitting judgment to go against appellee Seale along with the other defendants. Appellant might still have protected him against liability. As it did not appear by the allegations of the plea that this contract to hold harmless was a verbal contract, the exception was properly overruled. The proper way to set up the statute of limitation in such case was by plea setting out the facts, and that the agreement was verbal.

[4] But we are inclined to agree with appellant, as to his exception No. 4 to this plea, that such cross-action or counterclaim could not properly be set up as a defense to this action in trespass to try title, and that such exception should have been sustained. What we have said on these points, however, which are presented by the fourth and fifth assignments of error, is only for the direction of the trial court upon another trial. As the case was presented, no evidence was introduced in support of these allegations, and it is not necessary to a decision of this appeal that these assignments be passed upon.

It follows from what we have said that the judgment of the trial court will have to be reversed. In view of other defenses set up by appellees, which were not passed upon and the consideration of which was necessarily excluded by the termination of the case upon the sustaining of the objections to plaintiff's evidence, it would not be proper for this court to render judgment. For the errors indicated, the judgment is therefore reversed and the cause remanded.

Reversed and remanded.