**Mary Belle RICH, Appellant,**

v.

**Earnest SMITH et ux., Appellees.**

No. 17310.

Court of Civil Appeals of Texas, Fort Worth.

May 5, 1972.

Rehearing Denied June 2, 1972.

Kearby Peery and Kenneth Johnson, Wichita Falls, for appellant.

Borden, Hand & Zellers, and James O. Mullin, Weatherford, for appellee.

OPINION

LANGDON, Justice.

This is an appeal by Mary Belle Rich, also known as Mrs. Louis C. Rich and as Mrs. Mary Belle Apple, from a judgment rendered in favor of Earnest Smith and Hattie E. Smith for the sum of $2,921.01, plus interest and costs and for injunctive relief.

In Cause No. 103448–E in the District Court of Dallas County, Texas, which was based upon a promissory note, judgment was rendered on May 1, 1958, for General Casualty of America against Earnest Smith, Hattie Elizabeth Smith and Mrs. Louis C. Rich in the amount of $5,124.66, at eight per cent per annum, plus $500.00 for attorney's fees, at six per cent per annum.

On December 19, 1961, Mrs. Rich, one of the judgment debtors in the Dallas County suit, paid General Casualty of America, the judgment creditor, the sum of $4,500.00, and was assigned the judgment rendered by the Dallas County court. Under this record General Casualty of America has no remaining interest in said judgment.

In 1968, Mrs. Rich began to pursue her co-judgment debtors, the Smiths, by execution and garnishment, under the above judgment. Garnishment was levied upon accounts of the Smiths at the First National Bank of Jacksboro, and execution was made upon lands owned by Earnest Smith and Hattie Smith in Parker and Jack Counties.

In 1969, the Smiths filed this suit in the District Court of Jack County, Texas, seek-

ing damages for wrongful execution and garnishment and for injunctive relief against further execution or garnishment proceedings.

Motions for summary judgment were filed first by Mrs. Rich and then by the Smiths. Judgment was granted in favor of the Smiths, except as to the amount of damages. After a brief jury trial on the question of damages, a verdict and judgment was rendered in the sum of $2,921.01 in favor of the Smiths. This appeal is from that judgment based upon four points of error. We affirm.

The appellant concedes that the principle of law relied upon by the trial court to the effect that payment of a judgment by one of the co-judgment debtors serves to extinguish such judgment is a correct statement of the law. The appellant, however, seeks to engraft an exception of this general rule if the co-judgment debtor pays less than the full face value of the judgment in taking an assignment thereof. The appellant bases this exception upon the holding in the case of Broadway Plan v. Ravenstein, 364 S.W.2d 741 (Fort Worth Civ.App., 1963, error ref., n. r. e.).

For the most part, the facts in this cause are undisputed. The sole question to be determined by this Court on this appeal is whether or not Mrs. Rich, in obtaining an assignment of the judgment in question by the payment of less than the amount due on such judgment, can succeed to the rights of the judgment creditor of such judgment. We find and hold that she cannot. In our opinion since the judgment creditor has no further interest in the judgment it was extinguished.

"The general rule is that the assignment of a judgment to or for the benefit of the judgment debtor satisfies the judgment, for the reason that two antagonistic rights of creditor and debtor merge in one and the same person." 46 Am.Jur.2d 1028, § 891. See also § 996 of the same text as to the effect of the assignment of a judgment to one or more of the judgment debt-

ors upon payment thereof. See also 18 Am.Jur.2d, Contribution, §§ 59, 76, 79 and 80; Greenspan v. Green, 255 S.W.2d 917 (Dallas Civ.App., 1953, ref., n. r. e.).

The Broadway case relied upon by the appellant has no application to the facts of this case. In the Broadway case the judgment creditor retained an interest in the judgment, and it was he who sought to collect against the other judgment debtors. In the case at bar one of the judgment debtors is seeking to enforce collection against her co-judgment debtors.

See 157 A.L.R. 495, Annotation, "Right of one cojudgment debtor who pays judgment to be subrogated thereto as against the other cojudgment debtors" wherein it is stated (p. 501): "The theory on which the common-law rule is based, that a judgment paid by one of two or more cojudgment debtors cannot be kept alive as against the other cojudgment debtors by its assignment to the debtor paying the judgment, was discussed, in Hoft v. Mohn (1939) 215 N.C. 397, 2 S.E.2d 23, infra, IV, under subhead 'North Carolina,' in which the court, after stating that since remote days of the common law, it has been held that payment by one or more of those jointly and severally liable on a judgment is an extinguishment of the judgment, and that an assignment of the judgment to such person or persons will not serve to keep it alive against the others, said: 'If we are permitted to theorize, we might find sound reasons in support of the rule. Whatever rights might be supposed to exist between the judgment debtors because of the payment made by one or more of them upon a judgment (and the common law recognized no such right where they were jointly and severally liable), any right so arising is so entirely different in nature from that created by the judgment as to repel an application of any principle of subrogation. In its controlling aspect the judgment is faced toward the enforcement of the creditor's right. This right, which has become merged in the judgment, is to have his debt paid by any or all of those jointly and

severally liable, without regard to the equities between them. Such right, ready to hand in the form of an enforceable remedy, ought not in equity to be acquired by any one or more of the judgment debtors for enforcement against the others, and the extinguishment of such a judgment by payment of any one of them is logical and fair.' " See also Ft. Worth Nat. Bank v. Daugherty, 81 Tex. 301, 16 S.W. 1028 (1891); Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688 (1931); Deleshaw v. Edelen, 31 Tex.Civ.App. 416, 72 S.W. 413 (1903); and Williams v. Hedrick, 131 S.W.2d 187 (Beaumont Civ.App., 1939, dism. judgm. cor.). See also 24A Tex.Dig., "Judgment," p. 468, under key 878, "Payment by one or more jointly liable," and the cases there cited.

All points of error raised by the appellant whether specifically discussed in this opinion or not have been carefully reviewed by the Court and each is overruled.

The judgment of the trial court is affirmed.