# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 00-51160
(Summary Calendar)

NORMAN P. ROUNDS,                                    Plaintiff-Counter Defendant-
                                                     Appellant,

                            versus

SECURITIES INVESTOR                                  Defendant-Counter Claimant-
PROTECTION CORPORATION,                              Appellee.

Appeal from the United States District Court
for the Western District of Texas
(No. EP-99-CA-115-H)
October 15, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:*

       Appellant Norman P. Rounds ("Rounds") appeals from the district court's entry of a declaratory judgment in favor of appellee, Securities Investor Protection Corporation ("SIPC"). For the following reasons, we affirm.

---

\* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL HISTORY

In 1993, approximately twenty investors filed suit in El Paso, Texas (the "El Paso Plaintiffs") against Ted McCormick ("McCormick") claiming that they were defrauded in a Ponzi scheme. The investors also sued Consolidated Investment Services ("CIS"), the brokerage firm that licensed McCormick; Rounds, the principal of the brokerage firm; the Cavalier Group, Inc. ("Cavalier"), a related firm; Debra L. Werges ("Werges"), a CIS broker; and Kelly J. Coberly ("Coberly"), another CIS broker. A judgment for $8,728,248.31 was entered against Rounds, CIS, and Cavalier, jointly and severally (the "Judgment").

Subsequently, upon complaints of SIPC, a liquidation proceeding was commenced for CIS under the provisions of the Securities Investment Protection Act, 15 U.S.C. § 78aaa, et seq. (1997) ("SIPA"). Stephen E. Snyder was appointed as the trustee (the "Trustee"). Most of the El Paso Plaintiffs filed claims in the liquidation proceeding. SIPC made advances to the Trustee pursuant to SIPA, and the Trustee paid the El Paso Plaintiffs the allowed amount of their claims. In return, the El Paso Plaintiffs signed a Release and Assignment Agreement assigning SIPC a portion of the Judgment equal to the advances. As a result, SIPC owns $908,638.41 of the Judgment.

On August 25, 1995, Rounds filed a legal malpractice suit against Martin M. Berliner ("Berliner") and R. Wayne Pritchard ("Pritchard"), the attorneys who represented him in the litigation with the El Paso Plaintiffs. Werges and Coberly intervened and asserted their own malpractice claims. The Trustee also asserted claims on behalf of the estate of CIS.

On May 2, 1997, the El Paso Plaintiffs entered into two Standstill Agreements (the "Standstill Agreements"), one with Rounds, and the other with Werges and Coberly. Pursuant to the Standstill Agreements, Rounds, Werges, and Coberly agreed to pay the El Paso Plaintiffs one-half of any

2

recovery obtained from the malpractice litigation. In return, the El Paso Plaintiffs agreed to refrain from enforcing the Judgment for a period of time.

On July 28, 1998, SIPC, the El Paso Plaintiffs, the Trustee, Werges, and Coberly entered into a settlement with Berliner and his firm (the "Berliner Settlement Agreement"). The Berliner Settlement Agreement provided that funds would be distributed as follows: (1) $150,000 to Werges, (2) $150,000 to Coberly, (3) $100,000 to SIPC, (4) $200,000 to the El Paso Plaintiffs, and (5) $1,000,000 to the Trustee. The $100,000 paid to SIPC was credited as a payment on SIPC's portion of the Judgment; however, SIPC waived its right to the $200,000 received by the El Paso Plaintiffs, and to any recovery received by the El Paso Plaintiffs resulting from any settlement of the Pritchard malpractice litigation.

In conjunction with the Berliner Settlement Agreement, the Trustee and the El Paso Plaintiffs entered into a Consent, Partial Assignment, Sharing, and Release Agreement ("Consent, Partial Assignment, Sharing, and Release Agreement"), which incorporated the Berliner Settlement Agreement, and bound the El Paso Plaintiffs to assign 50% of their remaining share of the Judgment to the Trustee. The El Paso Plaintiffs entered into this agreement so that they may receive the $200,000 promised to them under the Berliner Settlement Agreement.

On November 12, 1998, Rounds, the Trustee, SIPC, Werges, and Coberly entered into a settlement with Pritchard (the "Pritchard Settlement Agreement"). The Pritchard Settlement Agreement provided that payments would be made as follows: (1) $150,000 to Rounds, (2) $186,666.66 to the Trustee, and (3) $373,333.34 to Werges and Coberly. Pursuant to the Standstill Agreements, Rounds paid $75,000, and Werges and Coberly paid $186,666.67 to the El Paso Plaintiffs. There was no provision for a payment to SIPC.

3

On January 4, 1999, Rounds entered into an Assignment Agreement ("January Assignment Agreement") with the El Paso Plaintiffs. Pursuant to this agreement, Rounds paid the El Paso Plaintiffs $312,500, which were proceeds from Rounds's settlement with Berliner. In return, the El Paso Plaintiffs transferred their remaining interest in the Judgment to Rounds. Rounds agreed that the $312,500 was not a payment or recovery on the Judgment or a credit on the Judgment.

Rounds filed the instant action in the district court of El Paso County, Texas seeking declaratory relief. Rounds sought a declaration that (1) SIPC was not entitled to interest on its portion of the Judgment, and (2) the various payments made to the El Paso Plaintiffs should be credited towards SIPC's portion of the Judgment. The case was thereafter removed to the Western District of Texas by SIPC, and SIPC filed a counterclaim seeking a declaration that its portion of the judgment remained unsatisfied. The district court entered declaratory relief in favor of SIPC.

DISCUSSION

Rounds argues that SIPC is not entitled to interest on its portion of the Judgment. In support of his argument, Rounds points to the following language in the Release and Assignment Agreement: "[the individual El Paso Plaintiff] hereby assigns and transfers to SIPC all rights, including any and all causes of action, judgments and actions to enforce such judgments . . . to the extent, and only to the extent of the Payments." Release and Assignment Agreement ¶ 2. "Payment" is defined as the sum paid by SIPC to the El Paso Plaintiffs. Id. ¶ 1. Rounds therefore concludes that SIPC's assignment does not include interest as it is limited by the amount paid by the Trustee to the individual El Paso Plaintiff. We disagree.

The purpose of post-judgment interest is to compensate the prevailing party for any delay in payment. Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990). As the

4

district court correctly noted, a judgment assignee receives as part of an assignment "all the beneficial interest of the assignor in the judgment and all its incidents." Casray Oil Corp. v. Royal Indem. Co., 165 S.W.2d 244, 248 (Tex. Civ. App. 1942). Since interest is an incident of the Judgment, SIPC is entitled to interest on its portion of the Judgment.

Rounds next argues that the payments to the El Paso Plaintiffs ("Payments") should be credited against the amount due to SIPC. The Payments that Rounds contends should be credited include: (1) the $200,000 paid to the El Paso Plaintiffs pursuant to the Berliner Settlement and Consent, Partial Assignment, Sharing, and Release Agreements, (2) the $75,000 paid by Rounds to the El Paso Plaintiffs pursuant to the Standstill and Pritchard Settlement Agreements, (3) the $186,666.66 paid by Werges and Coberly to the El Paso Plaintiffs pursuant to the Standstill and Pritchard Settlement Agreements, (4) the $312,500 paid by Rounds to the El Paso Plaintiffs under the January Assignment Agreement, (5) the $100,000 payment received by SIPC under the Berliner Settlement Agreement,[2] and (6) the $18,000 paid to SIPC in conjunction with a separate settlement with Ms. Gloude. SIPC agrees that payments (5) and (6) are to be credited to its porti on of the Judgment. As such, they are not in contention.

At the heart of this dispute is the language in the Release and Assignment Agreement, which provides that "any recovery, of any type or nature whatsoever, whether in the form of a settlement, judgment, execution, garnishment or otherwise, by or for the benefit of [the individual El Paso Plaintiff] . . . shall [be] paid and/or delivered to SIPC, immediately." Release and Assignment Agreement ¶ 2. Since Rounds is not in privity of contract with the parties to the Release and

---

[2] The district court mistakenly refers to this payment as being made to the Trustee. However, it is clear that this payment was made to SIPC. The Trustee received a separate payment of $1,000,000 under the Berliner Settlement Agreement.

5

Assignment Agreement, he cannot enforce SIPC's right to obtain the Payments. Norris v. Housing Auth. of Galveston, 980 F. Supp. 885, 892 (S.D. Tex. 1997) ("In Texas, it is an elementary rule of law that privity of contract is an essential element of recovery in an action based on a contractual theory."). However, Rounds attempts to circumvent this result by arguing that the Release and Assignment Agreement created a trust relationship between the El Paso Plaintiffs and SIPC. As such, he argues that the Payments were held in trust for SIPC by the El Paso Plaintiffs. We are not persuaded.

A trust is created "only if the settlor properly manifests an intention to create a trust." RESTATEMENT (SECOND) OF TRUSTS § 23 (1959). However, where there is merely a hope or expectation of receiving property in the future, a trust does not arise. Id. § 86. Therefore, the Release and Assignment Agreement did not create a trust, for it involves the expectation of receiving property in the future.

Moreover, there was no intent to create a trust when the Payments were received. With regard to the $186,666 and $75,000 paid to the El Paso Plaintiffs as a result of the settlement of the Pritchard malpractice claims, no trust could be formed because SIPC waived any right to that money. Berliner Settlement Agreement ¶ 9. In addition, the $312,500 paid to the El Paso Plaintiffs pursuant to the January Assignment Agreement could not be held in trust for SIPC because the El Paso Plaintiffs and Rounds agreed that the payment was not made on the Judgment. January Assignment Agreement ¶ 13(r),(s). In sum, no trust arose when the Payments were made because, at each time, it was agreed that the money was not a payment on the Judgment or that SIPC waived its rights to the money.

6

Rounds also contends that a letter from Eric Johnson ("Johnson") to Carl Green, counsel to the El Paso Plaintiffs, contains a manifestation of an intent to create a trust. Rounds maintains that Johnson was counsel to SIPC, and the district court agreed. However, it appears that Johnson was the Trustee's counsel. Regardless of whether Johnson was counsel to SIPC or the Trustee, this letter does not demonstrate an intention by the El Paso Plaintiffs to create a trust. Johnson cannot unilaterally create a trust for the benefit of SIPC. The El Paso Plaintiffs would need to exhibit the intent to create a trust because they are the only individuals that could be the settlors of any purported trust.

Rounds relies heavily on In re Penn Central Transp. Co., 486 F.2d 519 (3d Cir. 1973) to support his position that a trust relationship was created between SIPC and the El Paso Plaintiffs. Id. at 524 (finding that when the language of the parties fails to indicate an intention to create a trust, intent may be ascertained by other objective manifestations). This case does not alter our analysis. In re Penn Central Transp. Co. merely stands for the proposition that a trust can be found based on the parties actions. Id. In the instant suit, the actions of SIPC and the El Paso Plaintiffs negate the implication of a trust relationship for the reasons previously discussed.

Further, the El Paso Plaintiffs and SIPC modified the rights established under the Release and Assignment Agreement when they signed the Berliner Settlement Agreement. Since Rounds was neither a third party beneficiary nor a party to the Release and Assignment Agreement, he cannot prevent the parties from exercising their right to modify that contract. Morgan v. Stover, 511 S.W.2d 362, 364 (Tex. Civ. App. 1974).

Rounds next argues that when SIPC waived its right to collect payments arising out of the malpractice litigation against Berliner and Pritchard under the Berliner Settlement Agreement, this

7

extinguished a proportionate share of the Judgment. This argument fails as well. A waiver as to the El Paso Plaintiffs would not automatically eliminate Rounds's obligation as a judgment debtor. Accordingly, SIPC's waiver does not reduce its share of the Judgment.

Rounds also attempts to rely on Rich v. Smith. 481 S.W.2d 162, 163 (Tex. Civ. App. 1972) (holding that a judgment may be extinguished when it is assigned to a co-judgment debtor). This reliance is misplaced because in Rich there was only one judgment creditor. As such, the court concluded that the assignment extinguished the judgment since the "antagonistic rights of creditor and debtor merge[d] in one and the same person." Id. In the instant action, both the El Paso Plaintiffs and SIPC were judgment creditors. After the El Paso Plaintiffs assigned their interest in the Judgment, SIPC remained an interested creditor. Therefore, the rights of creditor and debtor did not fully merge.

Lastly, Rounds asserts that 15 U.S.C. § 78fff-3(a) (1997) supports his position. Section 78fff-3(5) provides that "[t]o the extent moneys are advanced by SIPC to the trustee to pay or otherwise satisfy the claims of customers . . . SIPC shall be subrogated to the claims of such customers." Id. Rounds urges this Court to apply this statute in a manner that absolves Rounds of his obligation to pay the Judgment. This defies the intended purpose of Section 78fff-3, which is to protect the SIPC. Consequently, this Court rejects this argument as well.

## CONCLUSION

Accordingly, we AFFIRM the district court's finding that the Payments should not be credited towards SIPC's portion of the Judgment and that SIPC is entitled to interest on the same, and we DENY Rounds's motion for declaratory relief.

8