**Mark McSHAFFRY, Appellant,**

v.

**AMEGY BANK NATIONAL ASSOCIATION,**
**Appellee.**

**No. 01–08–00493–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 2, 2009.

Daniel E. Mabry, Beaumont, TX, for for Appellant.

Joseph O. Slovacek, Hoover Slovacek, L.L.P., Michael J. Smith, Chernosky, Smith, Ressling & Smith, PLLC, Houston, TX, for Appellee.

Panel consists of Judges TAFT, BLAND, and SHARP.

## OPINION

JANE BLAND, Justice.

In this suit on a promissory note, Mark McShaffry appeals the trial court's judgment rendered in favor of Amegy Bank National Association holding McShaffry and his fellow guarantors jointly and severally liable, together with the maker of the note, for the balance due. After entering an initial summary judgment, the trial court later amended it to remove one of the guarantors, Jonathan Brinsden, at Amegy's request. McShaffry contends that the trial court erred in refusing to vacate the judgment because Brinsden paid the amount owed in the initial summary judgment in exchange for Amegy's assignment of the judgment to him, and thus the debt is extinguished. We conclude that McShaffry timely raised a defense of extinguishment by a co-guarantor in this proceeding. We therefore reverse and remand.

## Background

McShaffry, Brinsden, and David Gerow formed three business ventures: Zephyr Willowbrook Partners, L.P., Zephyr Investments General Partnership, and Zephyr Willowbrook, Inc. In November 2004, Zephyr Willowbrook Partners executed a promissory note, borrowing a principal amount of $175,000 from Amegy, which the parties later modified to $200,000. Zephyr Investments General Partnership, Zephyr Willowbrook, Inc., McShaffry, Brinsden, and Gerow each executed a guaranty agreement for the prompt payment of the indebtedness of the Zephyr Willowbrook Partners to Amegy.

In March 2007, Amegy sued the maker and the guarantors of the note, seeking to collect the unpaid principal balance of $139,244.87, plus interest and attorney's fees. The defendants answered the suit in a general denial, pleading no affirmative defenses. In April 2007, Amegy moved for summary judgment and set the motion for a hearing. The defendants failed to respond. The trial court reset the motion five times, never receiving a response from the defendants. On October 25, 2007, the trial court entered judgment granting Amegy the right to recover on the note jointly and severally from the limited partnership and the guarantors of the loan.

Thereafter, according to McShaffry, Brinsden and Amegy entered into an agreement whereby Brinsden paid $139,244.87 and Amegy assigned the note and judgment to him. In December, Amegy moved to remove Brinsden as a judgment creditor. The trial court modified the judgment on January 4, 2008. McShaffry moved for a new trial, alleging that he had not been served with the motion to modify the judgment and that Brinsden had paid the note, and thus the debt was extinguished. The trial court vacated the January 4 modified judgment because Amegy's motion to modify judgment had not been served on McShaffry. The trial court then set the motion for summary judgment for an oral rehearing. The day before the hearing, McShaffry filed an amended answer, asserting the affirmative defense of payment, and responded again to the motion to modify, asserting that the debt was extinguished.

On March 14, the trial court entered judgment identical to the January 4 modified judgment, removing Brinsden as a judgment debtor. McShaffry again moved for a new trial. Brinsden meanwhile filed

notice of an assignment of the judgment from Amegy to Brinsden. On June 14, to clarify its previous actions, the trial court again entered a final judgment granting Amegy's motion for summary judgment.

## Discussion

McShaffry complains that the trial court's summary judgment was improper because Brinsden, a co-guarantor on the note, paid Amegy the amount of the judgment before it became final and thus extinguished the debt.

### Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). In a traditional motion for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court must grant a judgment as a matter of law. Tex.R. Civ. P. 166 a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). We review the evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

### Recovery on a Promissory Note and Guaranty

■ To recover for a debt on a promissory note, a party must establish that it is the legal holder of the note, the debtor's execution of the note, and that an outstanding balance is due and owing. *Austin v. Countrywide Homes*, 261 S.W.3d 68, 72 (Tex. App.-Houston [1st Dist.] 2008, pet. denied). To recover on the guaranty of a note, a party must show proof of the existence and ownership of the guaranty contract, the terms of the underlying contract

by the holder, the occurrence of the conditions upon which liability is based, and the failure or refusal to perform by the guarantor. *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex.App.-Dallas 1994, no writ). Here, the affidavit testimony of Steven Shreck, Vice President of Amegy, attached to Amegy's April 2007 motion for summary judgment, establishes that Amegy is the holder of a note and that the note was executed by the limited partnership. Shreck averred that Amegy was the holder of the note and that there was an outstanding balance due and owing of $139,244.87 on the note. He provided a true and correct copy of the note attached to his affidavit. Shreck also attached copies of the guaranty agreements to his affidavit. Thus, Amegy carried its burden of proof for summary judgment. When a movant has carried its summary judgment burden, the non-movant then must raise a material fact issue precluding summary judgment. *Virginia Indonesia Co. v. Harris County Appraisal Dist.*, 910 S.W.2d 905, 907 (Tex.1995). McShaffry contends that he raised the issue of extinguishment when Amegy (now Brinsden) moved to modify the judgment.

### Extinguishment of the Debt by a Co-Guarantor

■ "The general rule is that the assignment of a judgment to or for the benefit of the judgment debtor satisfies the judgment, for the reason that two antagonistic rights of creditor and debtor merge in one and the same person." *Rich v. Smith*, 481 S.W.2d 162, 163 (Tex.Civ.App.-Fort Worth 1972, writ ref'd n.r.e.) (citing 46 Am.Jur.2d 1028 §§ 891, 996; 18 Am. Jur.2d, Contribution, §§ 59, 76, 79 and 80 *and Greenspan v. Green*, 255 S.W.2d 917 (Dallas Civ.App., 1953, writ ref'd, n.r.e.)). In *Rich*, one co-debtor on a judgment paid a sum in partial satisfaction of the debt on

a note in exchange for an assignment of the judgment. *Id.* at 162. She then pursued her co-judgment debtors by application for a writ of garnishment. *Id.* The co-debtors sued for wrongful execution and garnishment on the basis that her payment on the judgment in exchange for an assignment extinguished the note. *Id.* at 162–63. The trial court and the court of appeals agreed, ruling that a co-debtor does not succeed to the rights of a judgment creditor because the payment and assignment extinguished the debt. *Id.* at 163. Thus, under the doctrine of extinguishment of a judgment, "if two parties are jointly and severally liable on a judgment, the acquisition of the judgment by one judgment debtor extinguishes the judgment for all judgment debtors." *Hageman/Fritz, Byrne, Head & Harrison L.L.P. v. Luth,* 150 S.W.3d 617, 623 (Tex.App.-Austin 2004, no pet.).

■ None of the defendants responded to Amegy's initial motion for summary judgment, and with sufficient evidence in hand to support it, the trial court correctly granted it on October 25. But the issue presented here is whether that interlocutory judgment became subject to an extinguishment defense when Amegy later moved to modify it to remove Brinsden as a liable party and Brinsden filed a notice of assignment of the judgment. We conclude that it did.

Amegy notes that McShaffry did not plead an affirmative defense of payment until his March 13 amended answer, the day before the hearing its motion to modify the judgment. Amegy itself, however, sought a modification to the judgment to remove one of the judgment debtors. McShaffry then amended his answer and also presented evidence to counter Amegy's motion. McShaffry attached an affidavit authenticating a January 15 email and spreadsheet from Brinsden, indicating that Brinsden had paid Amegy the amount of the judgment (not including interest), and attaching a January 8 email in which Brinsden writes that he is "now the owner of the judgment." Brinsden thereafter filed a notice that he was now the holder of the note. Parties may amend their pleadings and respond to pleadings on file of other parties by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party. TEX.R. CIV. P. 65. None of this operated as a surprise to Amegy and Brinsden, who reached an assignment agreement sometime after the initial summary judgment.

The analysis in *Rich* applies here: McShaffry has raised evidence that there was a note, a judgment obtained on the note, and one of the jointly and severally liable judgment debtors paid at least part of the note value and obtained an assignment of the judgment, which extinguished it. *See Rich,* 481 S.W.2d at 163; *see also Hageman,* 150 S.W.3d at 623. We hold that the trial court erred in entering the modified summary judgment, in light of the evidence raised in the response to the motion to modify the judgment putting the matter of extinguishment of the debt at issue. *See id.*

*Subrogation Rights of Surety*

■■ Brinsden, however, is not without a remedy for a recovery on the note. Rather, he has a statutory right of subrogation against his co-sureties "for the amount his payment exceeded his proportionate share of the judgment plus interests and costs." Chapter 34.04 of the Texas Business and Commerce Code provides,

(a) A judgment is not discharged by a surety's payment of it in whole or part if the payment is compelled or, if voluntarily made, is applied to the judgment because of the suretyship relation.

(b) A surety who pays on a judgment as described in Subsection (a) of this section is subrogated to all of the judgment creditor's rights under the judgment. A subrogation surety is entitled

. . . .

(2) if there is more than one surety, to execution on the judgment against both the principal's property and the property of his co-surety or cosureties for the amount his payment exceeded his proportionate share of the judgment, plus interest and costs.

*See* TEX. BUS. & COM.CODE ANN. § 34.04(a), (b) (Vernon 2002). Section 34.01 defines "surety" to include a guarantor of a contract. *See id.* § 34.01 (Vernon 2002). Thus, Section 34.04 provides subrogation rights for guarantors who have paid a judgment. Brinsden became the holder of the note, thus raising the issue of whether the judgment was extinguished. On, remand, if Amegy's earlier judgment was, in fact, extinguished by Brinsden's payment of it, Brinsden then may assert his rights against his co-guarantors in a statutory claim for contribution for their proportionate share of the payment.[1]

### Conclusion

We hold that McShaffry raised evidence of extinguishment of the debt as a defense to the judgment against him, in response to Amegy's motion to modify the judgment to remove a co-guarantor, and Amegy

(now Brinsden) thus has not established that it is entitled to judgment as a matter of law for the full amount of the judgment. We therefore reverse the judgment of the trial court and remand for further proceedings.

---

1. *See Polk v. Seale,* 144 S.W. 329, 332–33 (Tex.Civ.App.-Galveston 1912, no writ). In *Polk,* the court, relying on *Fort Worth National Bank v. Daugherty,* 81 Tex. 301, 16 S.W. 1028 (1891), stated that where a judgment is rendered against several persons jointly, the general rule is that the judgment is extinguished by a payment by one of the judgment debtors and cannot be kept alive by a transfer of the judgment to the party paying, but instead the law creates right of contribution among them, available by a separate action. In *Polk,* the judgment specifically stated that any defendant paying more than his one-fourth share of the judgment became subrogated to the rights of the plaintiff against the other defendants under the judgment, thus preserving the right of subrogation in the judgment.