Opinion Issued April 2, 2009









Opinion Issued April 2,
2009 

 

 

 

                                                

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00493-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARK MCSHAFFRY, Appellant

 

V.

 

AMEGY BANK NATIONAL ASSOCIATION, Appellee

 

 



On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2007-14880








 



O P I N I O N

           In this suit on a
promissory note, Mark McShaffry appeals the trial court’s judgment rendered in
favor of Amegy Bank National Association holding McShaffry and his fellow
guarantors jointly and severally liable, together with the maker of the note,
for the balance due.  After entering an initial summary judgment, the trial
court later amended it to remove one of the guarantors, Jonathan Brinsden, at
Amegy’s request.  McShaffry contends that the trial court erred in refusing to
vacate the judgment because Brinsden paid the amount owed in the initial
summary judgment in exchange for Amegy’s assignment of the judgment to him, and
thus the debt is extinguished.  We conclude that McShaffry timely raised a
defense of extinguishment by a co-guarantor in this proceeding.  We therefore
reverse and remand.

Background

McShaffry, Brinsden, and
David Gerow formed three business ventures:  Zephyr Willowbrook Partners, L.P.,
Zephyr Investments General Partnership, and Zephyr Willowbrook, Inc.  In
November 2004, Zephyr Willowbrook Partners executed a promissory note,
borrowing a principal amount of $175,000 from Amegy, which the parties later
modified to $200,000.  Zephyr Investments General Partnership, Zephyr
Willowbrook, Inc., McShaffry, Brinsden, and Gerow each executed a guaranty
agreement for the prompt payment of the indebtedness of the Zephyr Willowbrook
Partners to Amegy.  

In March 2007, Amegy sued
the maker and the guarantors of the note, seeking to collect the unpaid
principal balance of $139,244.87, plus interest and attorney’s fees.  The
defendants answered the suit in a general denial, pleading no affirmative
defenses.  In April 2007, Amegy moved for summary judgment and set the motion
for a hearing.  The defendants failed to respond.  The trial court reset the
motion five times, never receiving a response from the defendants.  On October
25, 2007, the trial court entered judgment granting Amegy the right to recover
on the note jointly and severally from the limited partnership and the
guarantors of the loan.     Thereafter, according to McShaffry, Brinsden and
Amegy entered into an agreement whereby Brinsden paid $139,244.87 and Amegy
assigned the note and judgment to him.  In December, Amegy moved to remove
Brinsden as a judgment creditor.  The trial court modified the judgment on
January 4, 2008.  McShaffry moved for a new trial, alleging that he had not
been served with the motion to modify the judgment and that Brinsden had paid
the note, and thus the debt was extinguished.  The trial court vacated the
January 4 modified judgment because Amegy’s motion to modify judgment had not
been served on McShaffry.  The trial court then set the motion for summary
judgment for an oral rehearing.  The day before the hearing, McShaffry filed an
amended answer, asserting the affirmative defense of payment, and responded
again to the motion to modify, asserting that the debt was extinguished.  

On March 14, the trial
court entered judgment identical to the January 4 modified judgment, removing
Brinsden as a judgment debtor.  McShaffry again moved for a new trial. 
Brinsden meanwhile filed notice of an assignment of the judgment from Amegy to
Brinsden.  On June 14, to clarify its previous actions, the trial court again
entered a final judgment granting Amegy’s motion for summary judgment.

Discussion

          McShaffry complains that
the trial court’s summary judgment was improper because Brinsden, a
co-guarantor on the note, paid Amegy the amount of the judgment before it became
final and thus extinguished the debt.  

          Standard of Review

We review a trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d  656, 661 (Tex. 2005); Provident Life Accid. Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  In a traditional motion for summary judgment,
the movant has the burden to show that no genuine issue of material fact exists
and that the trial court must grant a judgment as a matter of law.  Tex. R. Civ.
P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  We review the evidence in a light favorable to the
nonmovant and indulge every reasonable inference in the nonmovant’s favor.  Dorsett,
164 S.W.3d at 661; Knott, 128 S.W.3d at 215; Sci. Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  

Recovery
on a Promissory Note and Guaranty

To recover for a debt on
a promissory note, a party must establish that it is the legal holder of the
note, the debtor’s execution of the note, and that an outstanding balance is
due and owing.  Austin v. Countrywide Homes, 261 S.W.3d 68, 72
(Tex. App.—Houston [1st Dist.] 2008, pet. denied).  To recover on
the guaranty of a note, a party must show proof of the existence and ownership
of the guaranty contract, the terms of the underlying contract by the holder,
the occurrence of the conditions upon which liability is based, and the failure
or refusal to perform by the guarantor.  Wiman v. Tomaszewicz, 877
S.W.2d 1, 8 (Tex. App.—Dallas 1994, no writ).  Here, the affidavit testimony of
Steven Shreck, Vice President of Amegy, attached to Amegy’s April 2007 motion
for summary judgment, establishes that Amegy is the holder of a note and that
the note was executed by the limited partnership.  Shreck averred that Amegy
was the holder of the note and that there was an outstanding balance due and
owing of $139,244.87 on the note.  He provided a true and correct copy of the
note attached to his affidavit.  Shreck also attached copies of the guaranty
agreements to his affidavit.  Thus, Amegy carried its burden of proof for
summary judgment.  When a movant has carried its summary judgment burden, the
non-movant then must raise a material fact issue precluding summary judgment.  Virginia
Indonesia Co. v. Harris County Appraisal Dist., 910 S.W.2d 905, 907 (Tex. 1995).  McShaffry contends that he raised the issue of extinguishment when Amegy (now
Brinsden) moved to modify the judgment.

Extinguishment
of the Debt by a Co-Guarantor

“The general
rule is that the assignment of a judgment to or for the benefit of the judgment
debtor satisfies the judgment, for the reason that two antagonistic rights of
creditor and debtor merge in one and the same person.” Rich v. Smith,
481 S.W.2d 162, 163 (Tex. Civ. App.—Fort Worth 1972, writ ref’d n.r.e.) (citing
46 Am. Jur. 2d 1028 §§ 891, 996; 18 Am. Jur. 2d, Contribution, §§ 59, 76,
79 and 80 and Greenspan v. Green, 255 S.W.2d 917 (Dallas Civ. App.,
1953, writ ref’d, n.r.e.)).  In Rich, one co-debtor on a judgment paid a
sum in partial satisfaction of the debt on a note in exchange for an assignment
of the judgment.  Id. at 162.  She then pursued her co-judgment debtors
by application for a writ of garnishment.  Id.  The co-debtors
sued for wrongful execution and garnishment on the basis that her payment on
the judgment in exchange for an assignment extinguished the note.  Id. at 162–63.  The trial court and the court of appeals agreed, ruling that a
co-debtor does not succeed to the rights of a judgment creditor because the
payment and assignment extinguished the debt.  Id. at 163.  Thus, under
the doctrine of extinguishment of a judgment, “if two parties are jointly and
severally liable on a judgment, the acquisition of the judgment by one judgment
debtor extinguishes the judgment for all judgment debtors.”  Hageman/Fritz,
Byrne, Head & Harrison L.L.P. v. Luth, 150 S.W.3d 617, 623 (Tex. App.—Austin 2004, no pet.).

          None of the defendants
responded to Amegy’s initial motion for summary judgment, and with sufficient
evidence in hand to support it, the trial court correctly granted it on October
25.  But the issue presented here is whether that interlocutory judgment became
subject to an extinguishment defense when Amegy later moved to modify it to
remove Brinsden as a liable party and Brinsden filed a notice of assignment of
the judgment.  We conclude that it did.

          Amegy notes that McShaffry
did not plead an affirmative defense of payment until his March 13 amended
answer, the day before the hearing its motion to modify the judgment.  Amegy
itself, however, sought a modification to the judgment to remove one of the
judgment debtors.  McShaffry then amended his answer and also presented
evidence to counter Amegy’s motion.  McShaffry attached an affidavit
authenticating a January 15 email and spreadsheet from Brinsden, indicating
that Brinsden had paid Amegy the amount of the judgment (not including
interest), and attaching a January 8 email in which Brinsden writes that he is
“now the owner of the judgment.”  Brinsden thereafter filed a notice that he
was now the holder of the note.  Parties may amend their pleadings and respond
to pleadings on file of other parties by filing such pleas with the clerk
at such time as not to operate as a surprise to the opposite party.  Tex. R. Civ. P. 65.  None of this
operated as a surprise to Amegy and Brinsden, who reached an assignment
agreement sometime after the initial summary judgment.  

The analysis in Rich applies
here:  McShaffry has raised evidence that there was a note, a judgment obtained
on the note, and one of the jointly and severally liable judgment debtors paid
at least part of the note value and obtained an assignment of the judgment,
which extinguished it.  See Rich, 481 S.W.2d at 163; see also
Hageman, 150 S.W.3d at 623.  We hold that the trial court erred in entering
the modified summary judgment, in light of the evidence raised in the response
to the motion to modify the judgment putting the matter of extinguishment of
the debt at issue.  See id.   

Subrogation Rights of
Surety

Brinsden, however, is not
without a remedy for a recovery on the note.  Rather, he has a statutory right
of subrogation against his co-sureties “for the amount his payment exceeded his
proportionate share of the judgment plus interests and costs.”  Chapter 34.04
of the Texas Business and Commerce Code provides,

(a)      
A judgment is not discharged by a
surety’s payment of it in whole or part if the payment is compelled or, if
voluntarily made, is applied to the judgment because of the suretyship
relation.

(b)     
A surety who pays on a judgment as
described in Subsection (a) of this section is subrogated to all of the
judgment creditor’s rights under the judgment.  A subrogation surety is
entitled

. . . .

(2)  if there is more than one surety,
to execution on the judgment against both the principal’s property and the
property of his cosurety or cosureties for the amount his payment exceeded his
proportionate share of the judgment, plus interest and costs.

 

See Tex. Bus.
& Com. Code Ann. §
34.04(a), (b) (Vernon 2002).  Section 34.01 defines “surety” to include a
guarantor of a contract.  See id. § 34.01 (Vernon 2002).  Thus, Section
34.04 provides subrogation rights for guarantors who have paid a judgment. 
Brinsden became the holder of the note, thus raising the issue of whether the
judgment was extinguished.  On, remand, if Amegy’s earlier judgment was, in
fact, extinguished by Brinsden’s payment of it, Brinsden then may assert his
rights against his co-guarantors in a statutory claim for contribution for
their proportionate share of the payment.[1]

Conclusion

We hold that McShaffry
raised evidence of extinguishment of the debt as a defense to the judgment
against him, in response to Amegy’s motion to modify the judgment to remove a
co-guarantor, and Amegy (now Brinsden) thus has not established that it is entitled
to judgment as a matter of law for the full amount of the judgment.  We
therefore reverse the judgment of the trial court and remand for further
proceedings.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

 









[1] See Polk v. Seale, 144 S.W. 329, 332–33 (Tex.
Civ. App.—Galveston 1912, no writ).  In Polk, the court, relying on Fort
Worth National Bank v. Daugherty, 16 S.W. 1028 (Tex. 1891), stated that
where a judgment is rendered against several persons jointly, the general rule
is that the judgment is extinguished by a payment by one of the judgment
debtors and cannot be kept alive by a transfer of the judgment to the party
paying, but instead the law creates right of contribution among them, available
by a separate action. In Polk, the judgment specifically stated that any
defendant paying more than his one-fourth share of the judgment became
subrogated to the rights of the plaintiff against the other defendants under
the judgment, thus preserving the right of subrogation in the judgment.